STATE OF OREGON, *Respondent,*
*v.*
PAUL JEFFREY HICKS, *Appellant.*
(No. 77-6970, CA 10902)
589 P2d 1130

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert Gorham, Assistant District Attorney, Eugene, argued the cause for respondent. On the brief were J. Pat Horton, District Attorney, and Brian R. Barnes, Assistant District Attorney, Eugene.

Before Schwab, Chief Judge, and Thornton,* Buttler and Joseph, Judges.

SCHWAB, C. J.

*Thornton, J., did not participate in this decision.

**SCHWAB, C. J.**

Defendant was convicted of first degree robbery and first degree rape.[1] He received an additional 10-year sentence on the rape conviction pursuant to ORS 166.230, which provides for such an enhanced penalty for felonies committed while armed, and pursuant to the jury's special finding that "the defendant was in possession of a revolver" during the rape. The court had instructed the jury it could so find if defendant "physically possessed * * * a firearm, or if he had knowledge that an accomplice possessed the firearm." Defendant contends ORS 166.230 should not be interpreted to permit imposition of an enhanced penalty on him based on the fact that his accomplice was armed.[2] We agree and vacate the additional 10-year sentence.

The relevant facts can be briefly stated. The criminal transaction began when defendant and his accomplice, Mestdagh, entered a residence and demanded money from the man present. Mestdagh had a revolver. Defendant was not armed. With the male victim tied up, defendant and Mestdagh both began to rape and sexually assault the woman present. Then defendant raped the woman while Mestdagh rummaged through the residence. Then Mestdagh raped the woman while defendant rummaged through the residence. Defendant had physical possession of the gun while Mestdagh was committing rape. Finally, defendant and Mestdagh both raped and sexually assaulted the woman at the same time. There is no evidence about who had the gun during this final part of the transaction.

ORS 166.230(1) states:

"Any person who commits or attempts to commit any felony within this state while armed with any pistol,

---

[1]Several other counts against defendant, upon which the jury had returned guilty verdicts, were merged with the robbery and rape counts.

[2]This question was noted but not resolved in *State v. Howe,* 26 Or App 743, 554 P2d 605, *rev den* (1976).

revolver, machine gun or other firearm capable of being concealed upon the person, without having a license or permit to carry such firearm, upon conviction of the felony or of an attempt to commit the felony, shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the penitentiary for not more than 10 years. Such additional period of imprisonment shall commence upon the expiration or other termination of the sentence imposed for the crime of which he stands convicted and shall not run concurrently with such sentence."

For several reasons, we interpret this statute to provide that only persons who have actual, physical possession of guns during the commission of felonies are subject to its terms.

First, the language of the statute refers to: "Any person who commits * * * any felony * * * while armed * * * without having a license or permit to carry such firearm * * *." The plain meaning of these words indicates that liability under ORS 166.230 is personal, not vicarious. That is to say, the terms of the statute apply to the person who is armed but does not have a license.

Second, the general statutory basis for vicarious liability in the criminal law is ORS 161.150, which provides:

"A person is guilty of a crime if it is committed by his own conduct or by the conduct of another person for which he is criminally liable, or both."

This statute provides that a person can be "guilty of a crime" based on the conduct of another. But as *State v. Blacker,* 234 Or 131, 134, 380 P2d 789 (1963), points out, ORS 166.230 does not create a crime, but only provides for an enhanced penalty. We are unaware of any statutory basis for vicarious enhancement of a penalty.

Third, if we held a person is subject to the enhanced penalty of ORS 166.230 because of vicarious liability, then the same result would arguably follow in other

enhanced-penalty situations, such as the dangerous-offender statutes, ORS 161.725-161.735. These statutes provide, in certain circumstances, for an enhanced penalty for a person previously convicted of a felony. It seems to us unlikely that the legislature intended that a first offender could receive an enhanced penalty because his accomplice had previously been convicted.

For all of these reasons we vacate the enhanced sentence imposed by the trial court pursuant to ORS 166.230.

Affirmed as modified.[3]

---

[3]Defendant also assigns as error the admission of certain evidence and the giving of a certain instruction. We find the evidence was admissible. We find the instruction was proper under *State v. Francis,* 30 Or App 359, 567 P2d 558 (1977), *aff'd* 284 Or 621, 588 P2d 611 (1978), and *State v. Booth,* 30 Or App 351, 567 P2d 559 (1977), *aff'd* 284 Or 615, 588 P2d 614 (1978).