Argued and submitted April 23, affirmed August 25, 1982

STATE OF OREGON,
*Respondent,*

*v.*

BUSTER OWENS,
*Appellant.*

(No. 78-279C, CA A22059) Control
(No. 81-112C CA A22060)
(No. 81-115C CA A22061)
(Cases Consolidated)

650 P2d 124

John Daugirda, Deputy Public Defender, Salem, argued the cause and filed the briefs for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals his convictions for robbery and kidnapping, revocation of his probation and his sentence. He contends that the trial court erred in 1) applying the minimum sentence provision of ORS 161.610; 2) denying defendant's motion for judgment of acquittal on five kidnapping charges; 3) failing to merge the second-degree kidnapping convictions into the first-degree robbery convictions; 4) revoking defendant's probation; 5) failing to grant a motion for new trial on the ground of inconsistent verdicts; and 6) denying defendant's motion for judgment of acquittal on the robbery charge. Issues two and three have been decided against defendant in a companion case, *State v. Rendahl,* 58 Or App 688, 650 P2d 128 (1982). We address the remaining assignments and affirm.

Defendant and Rendahl entered a restaurant and lounge with intent to commit a robbery. They wore masks. Witnesses could not agree whether it was defendant or Rendahl who pointed a gun at the bartender and threatened to "blow away" some of the customers.[1] After they emptied the till, they ordered the customers and the employes to move from the bar to a small back room. The door to the room was then closed and locked. Officers called to the scene entered through the rear door and subdued Rendahl. Defendant was encountered in the bar with his hands on the counter. A handgun was found on the counter, and a cloth mask was found on the floor near the barstool where defendant was seated.

Defendant first assigns as error the imposition of a minimum sentence of five years. ORS 161.610 provides in part:

"* * * * *

"(2)  Prior to sentencing upon a felony conviction, it shall be * * * the duty of the court to inquire, as to whether the defendant used or threatened to use an operable or inoperable firearm during the commission of the crime.

---

[1] One patron tried to pull the mask off one of the robbers. She testified that defendant pointed a gun at her and Rendahl knocked her off the stool. As the robbers returned to the cash register, she crawled out of the lounge and called the police.

"(3)  Unless the conviction necessarily establishes that the defendant used or threatened to use a firearm during the commission of the crime, or unless the defendant admits on the record that he used or threatened to use a firearm during the commission of the crime, whenever the court has reason to believe that the defendant so used or threatened to use a firearm, it shall set a presentence hearing on the matter. The parties may offer evidence and examine and cross-examine witnesses during the hearing.

"(4)  * * * if the court finds beyond a reasonable doubt that the defendant used or threatened to use a firearm during the commission of the crime, it shall impose at least the minimum term of imprisonment as provided in subsection (5) of this section. * * *

"* * * * *"

At sentencing, the trial judge stated:

"* * * I am convinced that there was only one firearm, and I cannot say which one possessed the firearm during the particular robbery, but I am totally convinced beyond a reasonable doubt that you were acting together and in consort and that you should come under the statute, receive the maximum-minimum of five years."

Defendant argues that, without a finding that he physically possessed a gun, the statute is inapplicable. He cites *State v. Hicks,* 38 Or App 97, 589 P2d 1130 (1979), for the proposition that his penalty cannot be enhanced on the basis of vicarious liability. In *Hicks,* an accomplice held a revolver during the defendant's commission of a rape. A ten-year enhanced penalty imposed on the rape conviction was vacated on appeal. ORS 166.230, in effect at that time, provided:

"Any person who commits or attempts to commit any felony within this state *while armed with* any pistol, revolver, machine gun or other firearm capable of being concealed upon the person, without having a license or permit to carry such firearm, upon conviction of the felony or of an attempt to commit the felony, shall, *in addition to* the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the penitentiary for not more than 10 years. *Such additional period* of imprisonment shall commence upon the expiration or other termination of the sentence imposed for the crime of which he stands convicted and shall not run concurrently with such sentence." (Emphasis added.)

The court interpreted the statute to require the actual, physical possession of a gun during the commission of a felony, reasoning that 1) the statutory language was plainly limited to personal liability; 2) vicarious liability was limited to crimes, not penalties;[2] and 3) the legislature did not intend to impose enhanced penalties based on vicarious liability. Defendant argues that, because ORS 161.610 is virtually the same as former ORS 166.230,[3] the rationale articulated in *State v. Hicks, supra,* is applicable to the present case and requires that defendant's sentence be vacated. We do not agree.

■      There are several differences between the statute interpreted in *State v. Hicks, supra,* and the statute considered here. To begin with, ORS 161.610 is not an "enhanced penalty" statute, because it does not increase the length of defendant's sentence. Rather, it is a minimum sentence provision, which insures that a portion of defendant's sentence will be served without possibility of parole. *State v. Warner,* 52 Or App 987, 630 P2d 385 (1981). Consequently, the concerns voiced in *Hicks* regarding vicarious enhancement of a penalty are inapplicable.

■      Secondly, the language of the two statutes is different. The former statute required that defendant commit a felony "while armed with any pistol * * * or other firearm." In contrast, ORS 161.610 merely requires that defendant "used or threatened to use" a firearm during the commission of a crime. Physical possession is not mandated by the "plain meaning" of ORS 161.610, as it was in former ORS 166.230. One may expressly or impliedly threaten to use a firearm in the possession of an accomplice. "Do what you're told or he'll blow your brains out" is one example of the threatened use of a firearm by a person who does not have possession of the weapon. Legislative history supports this interpretation of the statute.[4] In *State v. Warner, supra,* we stated:

----

[2] ORS 161.150 provides:

"A person is guilty of a crime if it is committed by his own conduct or by the conduct of another person for which he is criminally liable, or both."

[3] ORS 166.230 was repealed by Or Laws 1979, ch 779, § 7.

[4] *See* Minutes, House Judiciary Committee, discussion of HB 2849, April 14, 1979, p 3-5; April 24, 1979, p 5; and May 1, 1979, p 12-13.

> "The legislative purpose [of ORS 161.610] is clearly to provide for a mandatory minimum prison term whenever a firearm is used, or its use is threatened, during the commission of a felony." 52 Or App at 992.

■ The question to be resolved, therefore, is not whether defendant actually possessed the firearm, but whether the court found "beyond a reasonable doubt that the defendant used or threatened to use a firearm during the commission of a crime." ORS 161.610(4). As indicated above, it is not clear who actually possessed the gun in the course of the robbery. Two witnesses testified that Rendahl had the gun, while the bartender and two other victims stated that it was defendant who brandished the weapon. The victims also testified that the robbers verbally threatened to "blow them away." The trial court found that one firearm was used during the commission of the robbery but did not find which robber actually possessed the gun. However, the court did find "beyond a reasonable doubt that [Rendahl and defendant] were acting together and in consort" in the commission of the robbery.[5] We conclude that that is a sufficient finding for the purposes of ORS 161.610 that defendant expressly or impliedly threatened to use a firearm. There was no error in the imposition of a minimum sentence.

■ ■ Defendant next argues that it was error to revoke his probation. In December, 1978, defendant pled guilty to theft in the first degree. Execution of his sentence was suspended, and five years probation was imposed. After defendant was indicted for the robbery and kidnapping here, a probation revocation hearing was held. Defendant contends that the state did not carry its burden to prove that defendant committed the robbery. We disagree. For a revocation, the state need only prove by a preponderance of the evidence that the defendant committed the crime. *State*

---

[5] ORS 164.415 provides:

"(1) A person commits the crime of robbery in the first degree if he violates ORS 164.395 and he:

"(a) Is armed with a deadly weapon; or

"(b) Uses or attempts to use a dangerous weapon; or

"(c) Causes or attempts to cause serious physical injury to any person.

"(2) Robbery in the first degree is a Class A felony."

*v. Fortier,* 20 Or App 613, 533 P2d 187, *rev den* (1975). Although the evidence at the revocation hearing was circumstantial, it was nevertheless sufficient to support a finding that defendant committed the robbery.

■        Defendant next contends that he is entitled to a new trial. He argues that the jury's verdict finding him guilty of three counts of kidnapping and innocent of two counts of kidnapping[6] is logically inconsistent. Because his actions toward the five individuals were identical, and because he acted with a single intent, defendant argues that the verdicts cannot be sustained on any rational basis and should be overturned.

Defendant relies on Article VII (Amended), Section 3 of the Oregon Constitution and *People v. Phillips,* 43 Mich App 581, 204 NW2d 250 (1973), as authority for the proposition that this court has the power to overturn criminal convictions on the ground that the jury returned inconsistent general verdicts. Oregon has never expressly decided this issue. *See State v. Grabill,* 34 Or App 639, 579 P2d 316, *rev den* 284 Or 521 (1978); *Annot.* 18 ALR 3rd 259 (1968); *Annot.* 16 ALR 3d 866 (1967). However, we do not reach the issue here, because we find that the verdicts are logically reconcilable.

The testimony of the five kidnap victims indicates that they entered the back room for varying reasons. The jury returned not guilty verdicts as to patrons Almeter and Utley. Almeter testified that he moved from the bar to the back room because the bartender beckoned to him. Utley's recollection was less certain, but the jury could have decided that she also responded to the gestures and suggestions of the bartender, rather than to the orders of the robbers. Consequently, the jury could have found that defendant did not "take" Utley and Almeter from one place to another within the meaning of ORS 163.225(1)(a).

---

[6] ORS 163.225(1)(a) provides:

"(1) A person commits the crime of kidnapping in the second degree if, with intent to interferre substantially with another's personal liberty, and without consent or legal authority, he:

"(a) Takes the person from one place to another; or

"* * * * *."

■ ■    Defendant's last contention is that the court erred in denying his motion for judgment of acquittal on the charge of robbery in the first degree. The test to determine whether the evidence is sufficient to support a conviction was articulated in *Jackson v. Virginia,* 443 US 307, 319, 99 S Ct 2781, 61 L Ed 2d 560 (1979):

> "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.)

After reviewing the record, we are satisfied that there was sufficient evidence to support defendant's conviction. *See State v. Krummacher,* 269 Or 125, 137-38, 523 P2d 1009 (1974).

Affirmed.