Argued and submitted December 14, 1981, affirmed August 25, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID ALLEN RENDAHL,
*Appellant.*

(No. 81-112C, CA A21807)
(No. 81-115C, CA A21808)
(cases consolidated)

650 P2d 128

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his convictions for robbery and kidnapping. He contends the trial court erred in (1) applying the enhanced penalty provisions of ORS 161.610,[1] (2) denying his motion for judgment of acquittal on five kidnapping charges and (3) in failing to merge his convictions. We affirm.

Defendant and one Owens entered a lounge with the objective of committing robbery. At trial, two witnesses testified that they had observed a gun in defendant's possession. Other witnesses testified that only Owens had been armed. Defendant did not have a gun when he was arrested, and he denied that he had possessed one during the robbery. Just prior to his arrest, Owens was observed at the end of the bar where a gun was later found. A search of the premises and of everyone inside produced no other gun.

■ The record indicates that the trial judge was satisfied that only one gun was used in the · robbery.[2] The evidence conflicted as to which robber actually had possessed that gun. The judge thought that, for the purposes of ORS 161.610, it made no difference.[3] We agree. *State v. Owens*, 58 Or App 739, 650 P2d 124 (1982).

---

[1] ORS 161.610 provides in part:

"(2) Prior to sentencing upon a felony conviction, it shall be * * * the duty of the court to inquire, as to whether the defendant used or threatened to use an operable or inoperable firearm during the commission of the crime.

"* * * * *

"(4) * * * [I]f the court finds beyond a reasonable doubt that the defendant used or threatened to use a firearm during the commission of the crime, it shall impose at least the minimum term of imprisonment as provided in subsection (5) of this section. * * *"

[2] Counsel for defendant and the state have requested that we take judicial notice that in sentencing defendant's accomplice, Owens, the trial judge (who had presided at both trials), made the following statement with respect to the ORS 161.610 issue:

" * * * I am convinced that there was only one firearm, and I cannot say which one possessed the firearm during the particular robbery, but I am totally convinced beyond a reasonable doubt that you were acting together and in consort and that you should come under the statute, receive the maximum-minimum of five years."

We take judicial notice of the statement and find that it is consistent with the statements the judge made in this case.

[3] In this court, the state conceded that this was error. However, we do not accept that concession.

Defendant next contends that it was error for the trial court to deny his motion for judgment of acquittal on the five kidnapping charges.[4] The trial court stated:

"[T]he latest pronouncement is *State v. Garcia* [288 Or 413, 605 P2d 671 (1980)] — well, Dinkel [*State v. Dinkel,* 49 Or App 917, 621 P2d 626 (1980)] is actually after that. The latest pronouncement by the Supreme Court is and they summarize at the end saying, 'There may be a separate conviction and sentence for kidnapping only when it is not incidental to another crime, and it may be found not to be incidental if the Defendant had the intent to interfere substantially with the victim's personal liberty.' I think there is enough testimony in the record to allow it to go to the jury under that * * *."

Defendant admits that he was responsible for moving five employes and patrons from the lounge to another room. The door to that room was then closed and locked. They remained there for five to ten minutes. He contends, however, that he did not lock them up with the intent to interfere substantially with their personal liberty. He argues that their detention was merely incidental to the robbery, that it was not committed with a separate intent unrelated to the robbery and that all his actions were directed toward attempting to obtain money from the lounge.

■　　We conclude that the evidence was sufficient to permit a rational jury to find the requisite intent beyond a reasonable doubt. *State v. Harris,* 288 Or 703, 721, 609 P2d 798 (1980); *State v. Krummacher,* 269 Or 125, 137-38, 523 P2d 1009 (1974). Therefore, it was not error for the trial court to deny defendant's motion for judgment of acquittal.

■　　Last, defendant contends that the trial court erred in failing to merge his kidnapping and robbery convictions for purposes of conviction. We find no error. *State v. Linthwaite,* 52 Or App 511, 628 P2d 1250, *rev allowed* 291 Or 893 (1981); *State v. Dinkel,* 49 Or App 917, 621 P2d 626 (1980).

Affirmed.

---

[4] ORS 163.225(1) provides:

"(1) A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, he:

"(a) Takes the person from one place to another; or

"(b) Secretly confines the person in a place where he is not likely to be found."