Argued and submitted April 1, conviction affirmed,
remanded for resentencing May 11, 1983

# STATE OF OREGON,
*Respondent,*

*v.*

# ROGER WESLEY THIESIES,
*Appellant.*

(132,637; CA A26223)

662 P2d 797

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Linda Acaldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant's only contention in this criminal case is that the trial court erred in imposing a mandatory minimum sentence of five years under ORS 161.610. The question presented is the viability of our decision in *State v. Owens,* 58 Or App 739, 650 P2d 124 (1982), after the Supreme Court's decision in *State v. Wedge,* 293 Or 598, 652 P2d 773 (1982).

Defendant was convicted of robbery in the first degree and sentenced to 14 years imprisonment. The court imposed a mandatory minimum sentence pursuant to ORS 161.610, even though the court made a specific finding that defendant had not personally possessed the firearm that was used in the commission of the crime. The state argues that the langauge in *State v. Wedge, supra,* stating that a mandatory minimum sentence under ORS 161.610 is only authorized where the defendant personally possessed and used the firearm, is only a *dictum* in that case:

> "*Wedge* holds that the facts necessary to impose a minimum sentence under ORS 161.610 must be found by a jury. Dicta in *Wedge* suggests that imposition of the minimum sentence provided in ORS 161.610 requires that the defendant personally possessed a firearm. However, the issue of what facts must be proven to justify a minimum sentence under ORS 161.610 was not briefed or argued in *Wedge* and was not resolved by the court. That decision deals only with *how* facts must be found; it does not address *what* facts must be found."

A careful reading of *Wedge* reveals that that interpretation of ORS 161.610 is essential to the court's reasoning. The court held that the defendant had been deprived of his right to have the jury, the factfinder in that case, make the determination on which the minimum sentence was imposed, because the court and not the jury had determined that the defendant used or threatened to use a firearm in commission of the crimes with which he was charged. The court stated:

> "* * * In *State v. Hicks,* 38 Or App 97, 589 P2d 1130 (1979), construing a similar statute, former ORS 166.230, the court stated that an enhanced penalty can be given only to a person who has actual physical possession of a gun during the commission of a felony because there is no statutory basis for enhanced penalty based on vicarious liability. We agree with this interpretation. The court would be without authority to

sentence defendant if there were no finding he personally used or threatened to use a firearm." 293 Or at 603-04.

Because the jury in *Wedge* did find implicitly that a gun had been used by at least one of the three men involved in the criminal episode, there would have been no basis for holding that the defendant had been deprived of his right to a jury trial if use of a gun by one of those involved in the commission of the crime were sufficient to trigger application of ORS 161.610 as to the others involved.

Although the Supreme Court in *Wedge* did not mention our decision in *State v. Owens, supra,* distinguishing *State v. Hicks, supra,* and holding that personal possession of a firearm was not required under ORS 161.610, the court specifically stated that the statute requires personal use or threatened use of a firearm. We must conclude that *Owens* was overruled *sub silentio* by *Wedge.* Therefore, defendant is correct that the trial court here erred in imposing a mandatory minimum sentence pursuant to ORS 161.610 after it had specifically found that defendant did not personally use or threaten to use a firearm.

Judgment of conviction affirmed; remanded for resentencing.