No. 89-291

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

BRENT KLIPPENSTEIN,

       Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Joseph Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Recht & Greef; Howard F. Recht, Hamilton, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
Dorothy McCarter, Asst. Attorney General, Helena
Robert L. Deschamps, III, County Attorney, Missoula,
Montana

_____

Submitted on Briefs:  Aug. 10, 1989

Decided:  August 30, 1989

Filed:

<u>                                 </u>
                Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


Brent Klippenstein, convicted upon his plea of guilty of the offense of felony theft in the District Court, Fourth Judicial District, Ravalli County, appeals from the judgment and sentence imposed upon him. On consideration, we affirm the sentence imposed with one modification.

The defendant was charged by information with one count of felony theft. The investigation revealed that he had embezzled approximately $396,000 from Washington Corporation over a four-year period. He embezzled the money by channeling false purchase orders through a nonexistent tire company he had set up. Some of the stolen funds were used as part of the start-up capital for an otherwise legitimate auto parts store.

The defendant entered a plea of guilty to the charge of theft on December 23, 1988, and sentencing occurred on March 2, 1989. After hearing the recommendations of the County Attorney, the defense counsel, and the Department of Institutions, the District Court sentenced the defendant, the pertinent part of which sentence follows:

> IT IS ADJUDGED AND DECREED that the Defendant is guilty of the offense charged.
>
> A Pre-sentence Investigation Report was ordered and being fully advised as to the facts of this case; IT IS THE JUDGMENT OF THE COURT that BRENT KLIPPENSTEIN be and BRENT KLIPPENSTEIN is hereby sentenced to a term of ten (10) years in the Montana State Prison.
>
> . . .
>
> It is the recommendation of the Court that when the Defendant qualifies according to the Montana State

Prison then he shall be released to a Pre-Release Center.

IT IS FURTHER ORDERED that upon release from prison, to the best of his ability, the Defendant shall make restitution to Chubb, 6500 Wilshire, Los Angeles, CA (Attention: Frank Arenson) in the amount of Three Hundred Eighty-eight Thousand Eight Hundred Forty-nine and 31/100 Dollars ($388,849.31).

IT IS FURTHER ORDERED that that Defendant's business, NAPA Auto Parts, Lolo, Montana, is to be sold by the Defendant and the proceeds applied to the restitution, unless the Internal Revenue Service has not [sic] already seized it.

The maximum sentence permissible for the offense of felony theft is a fine "not to exceed $50,000 or be imprisoned in the state prison for any term not to exceed ten years or both." Section 45-6-301(6), MCA. On appeal the defendant contends that since he was given the maximum sentence of imprisonment allowed by law for the offense, no part of which was suspended or deferred, that the additional requirement that he pay restitution and that his auto parts business be sold exceeds the authority of the court. He contends that the authority of the District Court to order restitution extends only to cases where the court imposes restitution as a condition of a suspended or deferred sentence under § 46-18-201, MCA. In State v. Shaver (Mont. 1988), 760 P.2d 1230, 1236, this Court said:

> Under § 46-18-201(1)(a), MCA, the District Court has authority to impose reasonable restrictions or conditions including restitution (subsection (iv)) and "any other reasonable conditions considered necessary for rehabilitation . . ." (subsection (x)) The statute further states "[t]he sentencing judge may impose on the defendant any reasonable restrictions or conditions during the period of suspended sentence." Section 46-18-201(1)(b), MCA.

The defendant has misinterpreted the sentence imposed by the District Court. The provision for restitution applies only if under the rules of the Montana State Prison he becomes eligible for parole and secures his release. If he never receives a parole, and serves the full term of ten years, then the condition of restitution does not apply, and the maximum imprisonment authorized by statute for the offense charged comes into play. In other words, the sentence imposed on him can never exceed the maximum allowed under the statutory authority of the court.

The defendant assumes that his sentence is imposed under the provisions of § 46-18-201, MCA. That statute does refer to imposing restitution as a condition for deferred imposition of sentence or a suspended sentence. In this case, however, the District Court did not utilize the provisions of § 46-18-201, MCA, to impose either a deferred imposition of sentence or a suspended sentence. Instead, the court imposed a condition on parole of the defendant under the general power granted to the court in § 46-18-202, MCA. The regulations of the Board of Pardons and Parole recognize that the sentencing court "may require other and additional special conditions to be placed upon the parolee." § 20.7.1101(14), A.R.M.

The second issue raised by the defendant is his contention that the District Court sentenced him for crimes which he did not commit and for which he has not been charged and convicted.

In part, the sentencing court said:

Now, I think you've got a break because you were only charged with one count. I think Gallatin County would have charged with 20 or 30 counts. Which could have consecutively been 200, 300, 400 years in the prison. I don't know how you got the break and so forth, but you did get a break.

. . .

> Therefore, based upon the fact that you have had these breaks and you committed more felonies than I have ever seen committed since I have been on the bench, it is the sentencing judgment of this court that [sentence follows].

Again, the defendant has misinterpreted what the District Court did in imposing sentence. The information charging the defendant in a single count specified "on or between 1984 and 1988, the defendant purposely and knowingly asserted unauthorized control over monies and properties owned by Washington Incorporation etc." Because the defendant was charged only with one count, a count which embraced all of the embezzlements by the defendant as a common scheme, the court was limited in imposing sentence to the maximum imposed for one felony theft offense. The comments of the District Court indicated only that the defendant had been treated leniently insofar as the charges were concerned.

In imposing sentence, the sentencing court may consider any relevant evidence relating to the nature and circumstances of the crime, the character of the defendant, his background history, mental and physical condition, and "any evidence the court considers to have probative force. . . ." Section 46-18-302, MCA. The District Court is given a wide scope of inquiry in sentencing. State v. D.B.S (1985), 216 Mont. 234, 247-48, 700 P.2d 630, 639-40. The information received by the sentencing court is not limited by the Rules of Evidence. Section 46-18-302, MCA; State v. Smith (Mont. 1988), 755 P.2d 569, 571-72.

The defendant also contends that the District Court imposed the maximum sentence because of the District Court's belief that defendant's wife was also guilty by implication.

In referring to the wife's knowledge of the embezzlements, the District Court referred only to the statement of the defendant that the wife didn't know of the ongoing embezzlements, and expressed a measure of disbelief in defendant's statement. Nothing in the record indicates that the District Court imposed its sentence upon the defendant for the presumed misfeasance of the defendant's wife.

Referring again to the order of the District Court relating to restitution, the court ordered that the defendant's business, NAPA Auto Parts of Lolo, Montana, be sold and the proceeds applied to the restitution. At this juncture, the provision is not applicable, because as we stated above, restitution does not apply unless the defendant becomes eligible for parole. Since the possibility of parole may occur at some indeterminable time in the future, a present order to sell the auto parts business is not workable. We will therefore modify the sentencing judgment to remove that paragraph. In so holding, it is not necessary for us to consider the due process arguments raised by the defendant as to this provision.

Accordingly, the judgment and sentence is modified to remove therefrom the provision that the defendant's business, NAPA Auto Parts of Lolo, Montana, is to be sold. As so modified, the sentence imposed by the District Court is affirmed and will stand.

John C. Sheehy  
Justice

We Concur:

L. A. Turnage  
Chief Justice

John Conway Harrison

_William E. Hunt, Sr._

_P. C. McGrory_

Justices