No. 90-227

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

ERNEST MAZURKIEWICZ, a/k/a
ERNEST LUZADDER,

Defendant and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Broadwater,
               The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

              Mark P. Yeshe, Attorney at Law, Helena, Montana
              Nicholas  C.  Jacques,  Attorney  at  Law,  Helena,
              Montana


        For Respondent:

              Hon. Marc Racicot, Attorney General; Patti Powell,
              Assistant Attorney General, Helena, Montana
              John T. Flynn, Broadwater County Attorney, Townsend,
              Montana


                          Submitted on Briefs:   August 20, 1990

                                    Decided:   October 24, 1990

Filed:

_____
                Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Ernest Mazurkiewicz appeals from the judgment of the First Judicial District, Lewis and Clark County. Following a plea of guilty on the charges of robbery and deliberate homicide, the District Court sentenced Mazurkiewicz to forty years on the robbery charge and fifty years on the deliberate homicide charge, with those terms to run concurrently. The court also imposed an eight year prison term for the use of a weapon. It was ordered that this term be served consecutively to the forty and fifty year terms. The District Court designated Mazurkiewicz a dangerous offender for purposes of parole eligibility and ordered him to pay restitution. We reverse that portion of the judgment requiring restitution. In all other respects the judgment is affirmed.

The issues presented for review are:

1. Whether imposition of a consecutive sentence for use of a weapon was a denial of due process;

2. Whether the District Court erred in concluding that Mazurkiewicz used a weapon in the commission of a crime;

3. Whether the District Court erred in finding Mazurkiewicz to be a dangerous offender;

4. Whether the District Court erred in ordering Mazurkiewicz to pay restitution.

The facts in this case are not in dispute. The defendant, Ernest Mazurkiewicz, was traveling with a group of friends when they met Larry Beckwith. Apparently, after friendly conversation, Mr. Beckwith agreed to take two of Mazurkiewicz's friends to Alaska

and help them get a job.

Mr. Beckwith traveled with Mazurkiewicz and his friends towards Townsend, Montana. During this period of time, a decision was made to rob Mr. Beckwith. Roy Duncan, a co-defendant, left the car that Mazurkiewicz was riding in and rode with Beckwith in his truck. Shortly before they reached Townsend both vehicles pulled over. At this point, Duncan went back to Mazurkiewicz's car and asked for his gun so that he could use it in the planned robbery. Mazurkiewicz gave him the gun and Duncan went back to Beckwith's truck.

The two vehicles separated at this point. Eventually however, Mazurkiewicz met Roy Duncan and another accomplice at a gas station. Duncan then told Mazurkiewicz that they had killed Larry Beckwith during the robbery. The group then traveled south towards Las Vegas, where Mazurkiewicz was eventually arrested.

Mazurkiewicz was charged with robbery and deliberate homicide through accountability. Alternatively, he was charged with deliberate homicide under the felony murder statute, § 45-5-102(1)(b), MCA. Initially, Mazurkiewicz pled not guilty. However on December 19, 1989, he changed his plea and pled guilty to accountability for the robbery and deliberate homicide under the felony murder rule.

After a sentencing hearing was held, the court sentenced Mazurkiewicz to forty years for accountability for robbery and fifty years for the offense of homicide to be served concurrently. The lower court also sentenced him to eight years for use of a dangerous weapon. This sentence, it was ordered, was to be served

3

consecutively to the forty and fifty year terms. The court, having determined that Mazurkiewicz played "an important part in this terrible crime committed against an innocent person," declared him a dangerous offender for purposes of parole and probation. Mazurkiewicz appeals from this sentence.

I

Mazurkiewicz argues that Montana's weapons enhancement statute is unconstitutional. Section 46-18-221(1), MCA, provides:

> A person who has been found guilty of any offense and who, while engaged in the commission of the offense, knowingly displayed, brandished, or otherwise used a firearm, destructive device, as defined in 45-8-332(1), or other dangerous weapon shall, in addition to the punishment provided for the commission of such offense, be sentenced to a term of imprisonment in the state prison of not less than 2 years or more than 10 years, except as provided in 46-18-222.

According to Mazurkiewicz, this statute, by its use of a mental state and by its mandate for a consecutive sentence, creates an offense separate from the underlying offense. For that reason, use of a weapon should be separately charged, and the issue should be submitted to the jury for determination beyond a reasonable doubt.

We disagree. The constitutionality of § 46-18-221(1), MCA, was recently addressed in State v. Krantz (Mont. 1990), 788 P.2d 298, 47 St.Rep. 454. In Krantz its constitutionality was clearly upheld. We decline Mr. Mazurkiewicz's request to reverse this holding.

II

Mazurkiewicz next argues that the District Court erred in concluding that he used a weapon in the commission of an offense.

4

He maintains that in order for Montana's weapons enhancement statute to apply, it must be shown that the defendant "while engaged in the commission of the offense knowingly displayed, brandished, or otherwise used a firearm." Section 46-18-221, MCA.

Mazurkiewicz pled guilty to accountability for the robbery of Mr. Beckwith and deliberate homicide under the felony murder rule. Therefore he was not the person who actually committed the robbery and homicide. Based upon these facts, Mazurkiewicz argues that it was erroneous for the lower court to determine that he "knowingly displayed, brandished or otherwise used a firearm" during the commission of an offense. He maintains that Montana's weapons enhancement statute contains no indication that it was meant to apply to anyone other than those actually committing the offense. Therefore, Mazurkiewicz's conduct, which only consisted of handing the weapon to Duncan, does not qualify as use of a weapon as mandated by the statute.

In support of this argument, Mazurkiewicz relies upon cases of other jurisdictions decided under statutes similar to our own. See People v. Walker (Cal. 1976), 555 P.2d 306; State v. Hicks (Or. 1979), 589 P.2d 1130; State v. Thompson (Idaho 1980), 614 P.2d 970. Many of these cases rely upon the policy that a penal statute should be construed as favorably to the defendant as its language and the circumstances of its application reasonably permit. According to this policy, a defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or construction of language used in a statute. Walker, 555 P.2d at 312 (citing Keeler v. Superior Court (1970), 470 P.2d 617).

5

Mazurkiewicz argues that by construing our statutes to apply to accomplices and others not actually "brandishing, displaying or using a dangerous weapon," the lower court abdicated its responsibilities articulated by this long established policy. Thus, he maintains his conviction for use of a weapon should be overturned.

We disagree. The lower court, in response to an objection to its determination of this issue stated:

> [A]nd to clarify the dangerous weapon designation, the dangerous weapon sentence, the statement of the defendant himself was that he handed the gun to the person who shot it and as far as I am concerned that is use of a dangerous weapon.

Mazurkiewicz was convicted of robbery by accountability. His conviction stems from the fact that he helped plan the robbery and that he physically furnished the gun which was used in the robbery and murder of Larry Beckwith. As an accomplice to these crimes, Mazurkiewicz is equally responsible for the crimes to the same degree as his confederates, who actually perpetrated the acts. He knowingly supplied the means to commit the crimes, and admitted knowing the gun was to be used in the robbery. We hold this is sufficient to meet the language of the statute which mandates sentence enhancement for "otherwise [using] a firearm."

III

Mazurkiewicz next argues that the lower court erred in designating him a dangerous offender for purposes of parole eligibility. Section 46-18-404, MCA, provides that a sentencing court shall designate an offender a non-dangerous offender if, in the five years preceding the commission of the instant offense, he

6

was neither convicted of nor incarcerated for a felony offense, and if the court has determined that the offender does not represent a substantial danger to society.

Mr. Mazurkiewicz has two prior felony convictions. Both of these convictions were for nonviolent crimes and both convictions occurred over five years before the instant offense occurred. Mazurkiewicz also points out that his connection with the instant offense was rather remote. His only connection was handing over a gun and driving away. He stated that he did not know that Mr. Beckwith would be murdered. Based upon these facts, he maintains that the dangerous designation was improper under the dictates of § 46-18-404, MCA.

We disagree. In making its determination to designate Mazurkiewicz a dangerous offender, the lower court noted that he had a prior record of violating the terms of probation for felonies committed in Georgia and Iowa. This prior history, the court noted, indicated Mazurkiewicz was a poor candidate for supervised release. The court also considered the serious nature of the crimes committed by Mazurkiewicz and noted that he played a substantial role in the robbery and death of an innocent man.

In light of the seriousness of the crimes committed by Mazurkiewicz, we refuse to reverse the holding of the trial court. He played an active role in the robbery of a completely innocent person. This robbery resulted in the death of Larry Beckwith. Given these facts we refuse to reverse the judgment of the trial court on this issue.

Finally, Mazurkiewicz argues that the lower court erred in requiring him to pay restitution. According to Mazurkiewicz, restitution can only be required as a condition of a deferred or suspended sentence. Since he had no time suspended or deferred, Mazurkiewicz argues that the lower court's order requiring him to pay restitution was improper.

We agree. Section 46-18-242, MCA, clearly states that restitution may be a proper condition of a deferred, suspended or partially suspended sentence. No statute allows restitution requirements to be imposed in the absence of these sentences. We therefore reverse and vacate this portion of the trial court's judgment, and affirm on all other issues.

_____
Justice

We concur:

_____

_____

_____
Justices

Justice William E. Hunt, Sr., concurring and dissenting:

I concur in all of the Opinion except that concerning the enhancement statute, § 46-18-221, MCA, set forth in the majority Opinion. I dissent from that portion of the Opinion for the reason set forth in Justice John C. Sheehy's concurring and dissenting Opinion in State v. Krantz (Mont. 1990), 788 P.2d 298, 47 St.Rep. 454.

_____
Justice

9