No. 92-627

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

KERMIT CALVIN TODD,

       Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Kermit Calvin Todd, Deer Lodge, Montana, Pro Se

       For Respondent:

       Hon. Joseph P. Mazurek, Attorney General; Micheal
S. Wellenstein, Assistant Attorney General, Helena,
Montana

FILED

MAR 18 1993

Filed: Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: March 4, 1993

Decided: March 18, 1993

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Kermit Calvin Todd appeals from an order of the First Judicial District Court, Lewis and Clark County, denying his Motion for Correction of Sentence. We affirm.

Todd pleaded guilty of the offense of issuing bad checks (common scheme), a felony, as defined in § 45-6-316, MCA. Following entry of the plea, Todd was sentenced to a term of ten years in the Montana State Prison, the sentence to run consecutively to a sentence imposed in the Fourth Judicial District Court and concurrently with a sentence imposed by the Eleventh Judicial District Court. Payment of restitution was imposed as a condition of Todd's parole.

Todd filed a Motion for Correction of Sentence, challenging the restitution provision contained in his sentence; he alleged that the District Court did not have jurisdiction to impose restitution other than as a condition of a deferred or suspended sentence. The court denied his motion.

The issue before us is whether the District Court erred in ordering restitution as a condition of parole.

Subsections (a) through (g) of § 46-18-201(1), MCA, set forth the sentencing options available to a district court when a person has been found guilty of an offense upon a verdict or plea. The options range from deferred imposition of sentence, with or without restrictions or conditions such as restitution, through commitment to a correctional institution as provided by law, to a combination

2

of the authorized options. Id.

In addition, § 46-18-202, MCA, authorizes the district court to impose "restrictions or conditions on the sentence provided for in 46-18-201 which it considers necessary to obtain the objectives of rehabilitation and the protection of society." Subsections (a) through (d) of § 46-18-202(1), MCA, list specifically authorized conditions, while subsection (e) enables a court to impose "any other limitation reasonably related to the objectives of rehabilitation and the protection of society."

Here, the District Court first sentenced Todd to ten years' imprisonment in the Montana State Prison, the maximum prison sentence available under § 45-6-316, MCA, pursuant to § 46-18-201(1)(e), MCA. The court then ordered restitution as a condition of Todd's parole, in the event he was paroled in advance of serving the entirety of his prison sentence. While the court did not so state, it is clear that the restitution was ordered pursuant to the court's authority, under § 46-18-202(1)(e), MCA, to impose any limitation reasonably related to the objectives of rehabilitation. The restitution was not imposed pursuant to § 46-18-201, MCA.

We previously have upheld a district court's authority to impose restitution as a condition of parole under § 46-18-202, MCA, on almost identical facts. State v. Klippenstein (1989), 239 Mont. 42, 778 P.2d 892. We were careful to point out in Klippenstein that the condition of restitution would never apply if the defendant served his full term of imprisonment; in other words, the total sentence imposed could never exceed the statutory maximum for

3

the offense. Klippenstein, 778 P.2d at 894. Klippenstein is directly on point and mandates the same result in the case presently before us.

Todd argues that our decision in State v. Mazurkiewicz (1990), 245 Mont. 172, 799 P.2d 1066, controls. He asserts that, pursuant to Mazurkiewicz, restitution can be ordered only as part of a deferred or suspended sentence under § 46-18-201(1)(a) or (b), MCA. He overreads our decision.

In Mazurkiewicz, the district court sentenced the defendant to the Montana State Prison for the maximum statutory term and ordered the payment of restitution upon his release. 799 P.2d at 1068-70. The ordered restitution was part of the defendant's actual sentence, not a condition of parole. We concluded on those facts that while Montana law permits restitution as a condition of a deferred, suspended or partially suspended sentence, nothing in the statutes allows restitution requirements to be imposed in the absence of those sentences. Mazurkiewicz, 799 P.2d at 1070. Our concern in Mazurkiewicz was that the totality of the defendant's sentence exceeded that authorized by law. No statute authorized the "stacking" of restitution onto the maximum statutory term of imprisonment. In other words, restitution was not statutorily available as an independent and cumulative sentencing option.

Here, as in Klippenstein, the ordered restitution is conditional; it becomes operative only in the event the defendant secures early release from prison via parole. Thus, it cannot result in a sentence exceeding the statutory maximum. In the event

4

of parole, similar to a deferred or suspended sentence situation, the State maintains considerable authority over the offender for general rehabilitative and protective purposes, and the restrictions or conditions authorized by § 46-18-202, MCA, lawfully can be imposed.

We hold that the District Court did not err in imposing restitution as a condition of Todd's parole.

AFFIRMED.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

5

March 18, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Kermit Calvin Todd
700 Conley Lake Rd.
Deer Lodge, MT  59722


Hon. Joseph P. Mazurek, Attorney General
Micheal S. Wellenstein, Assistant
Justice Bldg.
Helena, MT  59620

Mike McGrath, County Attorney
Lisa Leckie, Deputy
228 Broadway
Helena, MT  59601


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy