No.  93-102

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

THE STATE OF MONTANA,
    Respondent,

v.

DANIEL EARL BOURNE,
    Appellant.

FILED

JUL 6 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Daniel Earl Bourne, Deer Lodge, Montana (pro se)

        For Respondent:

        Joseph P. Mazurek, Attorney General, Patricia J.
        Jordan, Assistant, Helena, Montana; Mike McGrath,
        County Attorney, Carolyn Clemens, Deputy, Helena,
        Montana


                        Submitted on Briefs:  May 20, 1993

                                   Decided:  July 6, 1993

Filed:


_____
                 Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the First Judicial district Court, Lewis and Clark County, denying Daniel Bourne's motion for correction of his sentence. We affirm.

The only question on appeal is whether the District Court erred in denying Bourne's motion for correction of sentence.

Daniel E. Bourne (Bourne) pled guilty on December 16, 1988, to the offense of Accountability (Deliberate Homicide), a felony, in the shooting of John Ex Roberts. Bourne was sentenced to the Montana State Prison for 40 years. At his sentencing, the judge determined conditions of his parole. One of those conditions involved restitution:

> 9. That the defendant shall be jointly and severally liable with his convicted co-defendants for the payment of the costs associated with the transportation and burial of the defendant's victim, John Ex Roberts.
> . . . .
> 12. That the defendant shall pay the financial obligation imposed by this Judgment to the Restitution Officer of this Court, Penney Sey, on a schedule which the defendant shall devise with the Restitution Officer <u>as soon as practicable following his release from the Montana State Prison if he is released.</u> (Emphasis added.)

Bourne moved the sentencing court on November 20, 1992 for a correction of sentence pursuant to § 46-18-117, MCA. Bourne's contention is that restitution was not intended to be a condition of his parole and because he had no part of his sentence deferred or suspended, restitution was improperly assessed pursuant to State v. Mazurkiewicz (1990), 245 Mont 172, 799 P.2d 1066.

<u>Mazurkiewicz</u> is not controlling because the restitution in

that case was determined as part of defendant's sentence. In the instant case, Bourne's ordered restitution is clearly attendant to his parole, if and when that occurs. The District Court concluded that the controlling case was State v. Xlippenstein (1989), 239 Mont. 42, 778 P.2d 892. The most recent case on the same issue is State v. Todd (Mont. 1993), ____ P.2d ____, 50 St.Rep. 288. In response to the argument made by Bourne in the present case, we stated in Todd as follows:

> We previously have upheld a district court's authority to impose restitution as a condition of parole under Section 46-18-202, MCA, on almost identical facts. State v. Klippenstein (1989), 239 Mont. 42, 778 P.2d 892. We were careful to point out in Klipnenstein that the condition of restitution would never apply if the defendant served his full term of imprisonment: in other words, the total sentence imposed could never exceed the statutory maximum for the offense. Klipoenstein, 778 P.2d at 894. Klipoenstein is directly on point and mandates the same result in the case presently before us.

Todd, 50 St.Rep. 288. In Todd we pointed out that our concern in Mazurkiewicz was that the totality of defendant's sentence exceeded the total authorized by law and that no statute authorized such "stacking" of restitution on the maximum statutory term of imprisonment. Todd further pointed out:

> Here, as in Klippenstein, the ordered restitution is constitutional; it becomes operative only in the event the defendant secures early release from prison via parole. Thus, it cannot result in a sentence exceeding the statutory maximum. In the event of parole, similar to a deferred or suspended sentence situation, the State maintains considerable authority over the offender for general rehabilitative and protective purposes, and the restrictions or conditions authorized by Section 46-18-202, MCA, lawfully can be imposed.

Todd, 50 St.Rep. at 289.

The specific wording in § 46-18-202, MCA, is as follows:

3

**46-18-202. Additional restrictions on sentence.** (1) The district court may also impose any of the following restrictions or conditions on the sentence provided for in **46-18-201 which** it considers necessary to obtain the objectives of rehabilitation and the protection of society:

**(a)** prohibition of the defendant's holding public office;

**(b)** prohibition of his owning or carrying a dangerous weapon;

(c) restrictions on his freedom of association;

(d) restrictions on his freedom of movement;

**(e)** <u>any other limitation reasonably related to the objectives of rehabilitation and the protection of society</u>. **(Emphasis added.)**

The dissent argues that restitution is not related to defendant's rehabilitation and is not necessary for the protection of society. We disagree with that analysis.

The correctional policy of this State has been and continues to be punishment for crimes and rehabilitation of the convicted:

(2) The correctional policy of the state of Montana is to protect society by preventing crime through punishment and rehabilitation of the convicted. The legislature finds that an individual is responsible for and must be held accountable for his actions. <u>Corrections laws and programs must be implemented to impress upon each individual his responsibility for obeying the law.</u> . . . Furthermore, it is the state's policy that persons convicted of a crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities. (Emphasis added.)

Section 46-18-101, MCA.

The district court judge is in the best position to determine what can best help the individual defendant convicted of a crime. The legislature acknowledged this by adding subsection (e) to § 46-18-202(1), MCA. If a particular defendant can best be rehabilitated by requiring him to earn or otherwise obtain money sufficient to compensate his victim rather than serving a full

prison term, the district court has been given authority to institute this. Here, the District Court determined that if defendant was paroled, he should then pay restitution to the victim's family as part of his parole conditions.

We conclude that restitution is an appropriate limitation reasonably related to the objectives of rehabilitation and the protection of society. We therefore hold that the District Court did not err in denying Bourne's motion for correction of sentence.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

5

Justice Terry N. Trieweiler dissenting.

I dissent from the opinion of the majority.

As this Court: pointed out in *State v. Mazurkiewicz* (1990), 245 Mont. 172, 177, 799 P.2d 1066, 1070:

> Section 46-18-242, MCA, clearly states that restitution may be a proper condition of a deferred, suspended or partially suspended sentence. No statute allows restitution requirements to be imposed in the absence of these sentences.

Actually, restitution is authorized when sentences are deferred or suspended by § 46-18-201(1)(a) and (b), MCA. Section 46-18-242, MCA, simply describes the information which must be included in the presentence investigation and report when the court believes restitution is proper. However, this Court was correct in *Mazurkiewicz* when it held that no sentencing statute allows restitution as a condition to anything other than a deferred or suspended sentence. In a series of decisions, this Court has judicially created a penalty of restitution where none was provided by the Legislature. First, in *State v. Klippenstein* (1989), 239 Mont. 42, 778 P.2d 892, then in *State v. Todd* (Mont. 1993), 849 P.2d 175, 50 St. Rep. 288, and now in this case, this Court has held that restitution, as a condition to parole, is actually authorized by § 46-18-202, MCA. However, to find restitution in that statute is creative, to say the least. Although I was a signator to the *Todd* decision, I conclude after more careful review that that decision was incorrect. Section 46-18-202, MCA, provides in relevant part that:

(1) The district court may also impose any of the following restrictions or conditions on the sentence provided for in 46-18-201 which it considers necessary to obtain the objectives of rehabilitation and the protection of society:

(a) prohibition of the defendant's holding public office;

(b) prohibition of his owning or carrying a dangerous weapon;

(c) restrictions on his freedom of association;

(d) restrictions on his freedom of movement;

(e) any other limitation reasonably related to the objectives of rehabilitation and the protection of society.

Nothing in § 46-18-202, MCA, refers to parole or to restitution. First, § 202 relates only to those sentences provided for in § 201. Nowhere in § 201 is there any discussion of, or provision for, parole. Second, the catch-all phrase in subsection (1)(e), which is relied on by the majority, refers to limitations related to the objectives of rehabilitation and protection of society. Notwithstanding the majority's effort to make it so, restitution is certainly not related to a defendant's rehabilitation and is not necessary for the protection of society. Restitution is intended to compensate the victim of the defendant's crime. Furthermore, the majority makes no effort to reconcile its holding with the specific limitation in § 202 that its provisions are only applicable to those sentences provided for in § 201.

Not only do this and previous decisions of this Court add to § 202 a penalty which was not intended, the additional penalty is

7

not even reasonably related to the objectives for which § 202 was enacted.

For these reasons, I dissent from the opinion of the majority. I would reverse the District Court and amend Bourne's sentence by deleting any reference to restitution.

_____
J stice

July 6, 1993

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Daniel Earl Bourne
700 Conley Lake Rd.
Deer Lodge, MT 59722


Hon. Joseph P. Mazurek, Attorney General
Patricia J. Jordan, Assistant
Justice Bldg.
Helena, MT 59620

Mike McGrath, County Attorney
Carolyn Clemens, Deputy
L & C County Courthouse
Helena, MT 59601


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy