JUSTICE TRIEWEILER
dissenting.
I dissent from the opinion of the majority.
As this Court pointed out in State v. Mazurkiewicz (1990), 245 Mont. 172, 177, 799 P.2d 1066, 1070:
Section 46-18-242, MCA, clearly states that restitution may be a proper condition of a deferred, suspended or partially suspended sentence. No statute allows restitution requirements to be imposed in the absence of these sentences.
Actually, restitution is authorized when sentences are deferred or suspended by § 46-18-201(l)(a) and (b), MCA. Section 46-18-242, MCA, simply describes the information which must be included in the presentence investigation and report when the court believes restitution is proper. However, this Court was correct in *278 Mazurkiewicz when it held that no sentencing statute allows restitution as a condition to anything other than a deferred or suspended sentence. In a series of decisions, this Court has judicially created a penalty of restitution where none was provided by the Legislature. First, in State v. Klippenstein (1989), 239 Mont. 42, 778 P.2d 892, then in State v. Todd (1993), [257 Mont. 321], 849 P.2d 175, 50 St. Rep. 288, and now in this case, this Court has held that restitution, as a condition to parole, is actually authorized by § 46-18-202, MCA. However, to find restitution in that statute is creative, to say the least. Although I was a signator to the Todd decision, I conclude after more careful review that that decision was incorrect. Section 46-18-202, MCA, provides in relevant part that:
(1) The district court may also impose any of the following restrictions or conditions on the sentence provided for in 46-18-201 which it considers necessary to obtain the objectives of rehabilitation and the protection of society:
(a) prohibition of the defendant’s holding public office;
(b) prohibition of his owning or carrying a dangerous weapon;
(c) restrictions on his freedom of association;
(d) restrictions on his freedom of movement;
(e) any other limitation reasonably related to the objectives of rehabilitation and the protection of society.
Nothing in § 46-18-202, MCA, refers to parole or to restitution. First, § 202 relates only to those sentences provided for in § 201. Nowhere in § 201 is there any discussion of, or provision for, parole. Second, the catch-all phrase in subsection (l)(e), which is relied on by the majority, refers to limitations related to the objectives of rehabilitation and protection of society. Notwithstanding the majority’s effort to make it so, restitution is certainly not related to a defendant’s rehabilitation and is not necessary for the protection of society. Restitution is intended to compensate the victim of the defendant’s crime. Furthermore, the majority makes no effort to reconcile its holding with the specific limitation in § 202 that its provisions are only applicable to those sentences provided for in § 201.
Not only do this and previous decisions of this Court add to § 202 a penalty which was not intended, the additional penalty is not even reasonably related to the objectives for which § 202 was enacted.
For these reasons, I dissent from the opinion of the majority. I would reverse the District Court and amend Bourne’s sentence by deleting any reference to restitution.