JUSTICE TRIEWEILER
specially concurring.
I concur with the result of the majority opinion, but not all that is said therein.
I would hold, as a matter of law, that there is no statutory basis for ordering forfeiture of the defendant’s property in order to satisfy a restitution order. Section 46-18~202(l)(e), MCA, allows for the imposition of conditions on a sentence when it is “related to the objectives of rehabilitation and the protection of society.” For the same reasons that I dissented in State v. Bourne (Mont. 1993), 856 P.2d 222, 50 St. Rep. 791, I conclude that taking property from a person who has already been imprisoned for his conduct is the antithesis of rehabilitation. To suggest that people coming out of prison are more likely to obey the law because their means of transportation and retirement income has been taken from them is absurd. Just the opposite is true. A person who has been stripped of his only means of transportation and all other worldly possessions is more likely to break the law again in order to catch up for lost time.
Therefore, I disagree with the majority’s reluctance to address the State’s unfounded contention head-on. I conclude that there is no statutory basis for the District Court’s forfeiture order, and won’t be in the future.
*230 JUSTICE HUNT joins in the foregoing special concurrence.