Argued and submitted August 24, convictions affirmed; remanded for resentencing
December 12, 1990

STATE OF OREGON,
*Respondent,*

*v.*

RANDY RODNEY PIES,
*Appellant.*

(C890627CR; CA A62106)

802 P2d 702

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Cynthia A. Carter, Assistant Attorney General, Salem,

argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

After a trial to the court, defendant was convicted of robbery in the first degree with a firearm, ORS 164.415, burglary in the first degree with a firearm, ORS 164.225, two counts of theft in the first degree, ORS 164.055, carrying a deadly weapon with intent to use it unlawfully, ORS 166.220, and being an ex-convict in possession of a firearm. ORS 166.270. He contends that the evidence does not establish beyond a reasonable doubt that he aided and abetted another in the commission of the robbery or that he personally used or threatened to use a firearm during the commission of the robbery and burglary.

The evidence viewed in the light most favorable to the state, *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974), establishes these facts. Defendant and Kroening went to Guthrie's residence, because Guthrie owed them money for drugs. Kroening was armed with either a .38 caliber revolver or a Browning 9mm semi-automatic handgun.[1] Guthrie was not at the residence when they arrived. They entered the house through a second-story window. Inside the house, defendant seized a .25 caliber pistol and a loaded sawed-off shotgun. In Guthrie's upstairs bedroom, Kroening found either the 9mm Browning or the .38 caliber revolver and a knife. Defendant heard Guthrie enter the house, so he concealed himself in a closet, carrying the handgun and loaded shotgun with him. While defendant was in the closet, a confrontation occurred between Kroening and Guthrie. Kroening was armed with a semi-automatic handgun during the confrontation. Guthrie fled outside and called the police. Kroening and defendant eventually ran from the house, carrying guns and some money taken from the house. Outside, defendant dropped the shotgun in the front yard and the .25 caliber pistol in a creek. Kroening dropped the 9mm Browning and the .38 caliber revolver in a drop box.

---

[1] Defendant and Kroening gave conflicting accounts about which gun was brought to the residence and who brought it. The court did not make any findings of fact. Therefore, it is difficult to say, as the state contends, that the trial court found beyond a reasonable doubt that defendant was armed with a gun when he entered the residence. However, for purposes of our analysis, we assume that defendant was armed when he entered, while he was in the house and during his immediate flight from the house.

■   Defendant contends that the evidence does not establish that he pointed a firearm at Guthrie during the robbery, as alleged in the indictment.[2] However, as defendant acknowledges, the state did not contend at trial, and does not contend here, that defendant personally pointed a firearm at Guthrie. It contends only that defendant is guilty of the robbery with a firearm because he aided and abetted Kroening in its commission.[3]

In *State v. Moriarty,* 87 Or App 465, 468, 742 P2d 704, *rev den* 304 Or 547 (1987), we said:

> "Although mere presence at the scene of a crime does not constitute aiding and abetting, 'the least degree of concert or collusion between the parties to an illegal transaction makes the act of one of them the act of all.' *State v. Stark,* 7 Or App 145, 152, 490 P2d 511 (1971)."

Defendant and Kroening went to Guthrie's residence prepared to use force, if necessary. Even assuming that defendant was not armed when they entered the house, he knew that Kroening was armed with a handgun. In the house, defendant picked up guns and had them in the closet with him when Kroening, armed with a semi-automatic handgun, confronted Guthrie. Defendant participated with Kroening in trying to hide the guns that they had brought with them to the residence or had obtained from the residence. The fact that defendant concealed himself in the closet when Kroening confronted Guthrie does not shield him from responsibility for the robbery. *See State v. Hightower,* 17 Or App 112, 115, 520 P2d 470 (1974). Considered as a whole, the evidence is sufficient to support defendant's conviction for first degree robbery, as alleged in the indictment.

---

[2] Defendant does not challenge any other element of the robbery charge.

[3] ORS 161.155 states, in pertinent part:

"A person is criminally liable for the conduct of another person constituting a crime if:

"* * * * *

"(2) With the intent to promote or facilitate the commission of the crime the person:

"* * * * *

"(b) Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime * * *."

■        Although the evidence is sufficient to support defendant's conviction for robbery in the first degree on an aiding and abetting theory, the more difficult question is whether there was sufficient evidence to permit the factfinder to conclude that defendant personally used, or threatened to use, a firearm during the commission of a felony, as required to impose a minimum sentence under ORS 161.610.[4] In *State v. Wedge,* 293 Or 598, 603, 652 P2d 773 (1982), the Supreme Court said:

> "In *State v. Hicks,* 38 Or App 97, 589 P2d 1130 (1979), construing a similar statute, former ORS 166.230, the court stated that an enhanced penalty can be given only to a person who has actual physical possession of a gun during the commission of a felony because there is no statutory basis for enhanced penalty based on vicarious liability. We agree with this interpretation. The court would be without authority to sentence defendant if there were no finding he personally used or threatened to use a firearm."

We concluded from the language in *Wedge* that a minimum sentence under ORS 161.610 cannot be imposed without a finding that the defendant personally used, or threatened to use, a firearm. *See State v. Martin,* 64 Or App 469, 472, 668 P2d 479 (1983); *State v. Thiesies,* 63 Or App 200, 202, 662 P2d 797 (1983). A sufficient finding is made when the factfinder returns a verdict of guilty on a charge in which one of the elements is the "use or threatened use of a firearm" or when the factfinder makes a separate finding on that issue. ORS 161.610(2) and (3); *see State v. Gilbert,* 99 Or App 116, 119, 781 P2d 389 (1989). However, in either case, the finding

---

[4] ORS 161.610 provides, in pertinent part:

"(2) The use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime as provided in this section. * * *

"(3) [I]f a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. * * *

"(4) The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

"(a) Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years * * *."

must establish that the defendant personally used or threatened to use a firearm. *State v. Martin, supra,* 64 Or App at 472.

The state contends that defendant's conviction for "carrying a .38 caliber handgun" with intent to use it unlawfully, which he does not challenge on appeal, and the "circumstances surrounding the commission of the crimes in the present case support the imposition of the 'gun minimum' sentence." The most that the evidence establishes is that defendant personally possessed a firearm with the intent to use it during the burglary and robbery. However, the evidence does not, as required by ORS 161.610, establish that he personally used, or threatened to use, the firearm during the burglary and robbery. Without actual or threatened use, defendant's possession of the firearm, even with the intent to use it, will not support imposition of a minimum sentence under ORS 161.610. The trial court improperly imposed a mandatory minimum sentence under ORS 161.610.

Defendant also appears to contend that the trial court improperly imposed a minimum sentence under ORS 161.610 on his conviction for burglary. However, defendant misreads the judgment order; it merely places defendant on probation for the burglary. The minimum sentence under ORS 161.610 was imposed only on the robbery conviction.

To the extent that defendant's assignment of error and argument can be construed as a claim that there was not sufficient evidence to support a conviction for burglary while armed with a deadly weapon, we reject it. As the evidence discussed above demonstrates, there is enough proof to establish that defendant was armed with a deadly weapon while in the house and during his immediate flight from it.

Convictions affirmed; remanded for resentencing.