Argued and submitted October 2, 1992, affirmed December 22, 1993,
reconsideration denied February 23, petition for review denied March 22, 1994
(318 Or 478)

STATE OF OREGON,
*Respondent,*

*v.*

JAMES NORMAN AKIN,
*Appellant.*

(90071374; CA A71380)

865 P2d 461

Kevin T. Lafky argued the cause for appellant. With him on the brief was Lafky & Lafky.

Thomas H. Denney, Assistant Attorney General, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Riggs and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Defendant was convicted of attempted assault in the second degree, ORS 163.175; ORS 161.405, and recklessly endangering another person, ORS 163.195.[1] He contends that the trial court erred when it imposed a five-year "gun-minimum" sentence. ORS 161.610. We review pursuant to ORS 138.222(4)(a)[2] and affirm.

Defendant and the victim had known each other for approximately 10 years. The victim allegedly threatened defendant. Later, defendant went to the victim's residence with a shotgun that he had recently purchased. He was extremely intoxicated. Defendant testified at trial that he had "decided to shoot a few rounds in the air to maybe scare [the victim] to where he'd leave me alone." He fired one shot in the air and two shots at the victim's vehicle. The victim and his wife were inside their residence at the time of the incident.

Defendant contends that the court erred when it imposed the gun-minimum sentence, because the use or threatened use of a firearm was not an element of the crime for which he was found guilty. At the time, ORS 161.610(3)[3] provided that,

"if a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the

---

[1] Defendant was indicted for attempted murder with a firearm, assault in the second degree with a firearm and two counts of recklessly endangering another person. The state later dismissed one count of recklessly endangering another person. Defendant was convicted of the lesser-included offense of attempted assault in the second degree and one count of recklessly endangering another person. Defendant had requested the lesser-included offense instruction.

[2] Defendant argues that we should review his sentence as a "departure from the guidelines" under ORS 138.222(3). He is incorrect. The departure referred to in ORS 138.222(3) is that authorized by ORS 137.671. That statute gives the sentencing court limited discretion to depart from a presumptive sentence if it finds substantial and compelling reasons to justify a deviation. ORS 161.610 sets out a mandatory minimum sentence. Under ORS 137.637, the court *must* impose an applicable mandatory minimum if it is longer than the presumptive sentence under the guidelines. *State v. Morgan*, 316 Or 553, 557, 856 P2d 612 (1993). The imposition of a mandatory minimum under ORS 137.637 does not constitute a discretionary departure under ORS 136.671, and ORS 138.222(3) does not describe our scope of review.

[3] ORS 161.610 has since been amended by Oregon Laws 1991, chapter 133, section 3, in a manner that does not affect this case.

minimum term of imprisonment as provided in subsection (4) of this section."

Defendant first argues that the issue of whether he used or threatened to use a firearm was not properly submitted to the jury. The court instructed the jury that, to find defendant guilty of attempted assault in the second degree, it had to find that he "intentionally attempted to cause physical injury to [the victim] by means of a deadly weapon." The court defined "deadly weapon" and "firearm" for the jury. The only evidence introduced regarding defendant's use of a deadly weapon during the attempted assault was that he fired a shotgun. Defendant testified that that is what he did. Under those circumstances, the court's instructions placed the issue of defendant's use of a firearm before the jury.

Defendant also argues that the trial court could not impose the gun minimum, because the jury did not make a finding that he personally used or threatened to use a firearm. In *State v. Pies*, 104 Or App 646, 650, 802 P2d 702 (1990), we said that

"a minimum sentence under ORS 161.610 cannot be imposed without a finding that the defendant personally used, or threatened to use, a firearm." (Citations omitted.)

The factfinder makes a sufficient finding if it returns a verdict of guilty on a charge that has, as an element, use or threatened use of a firearm, or if it makes a separate finding on that issue. *State v. Pies, supra.* The jury's verdict that defendant was guilty of attempted assault in the second degree necessarily included, as an element, that defendant used or threatened to use a firearm. The instructions required the jury to find that defendant attempted to cause physical injury by means of a deadly weapon, which, under the court's instructions, included a firearm. The only evidence introduced to establish that defendant attempted to harm the victim with a deadly weapon was that defendant fired a shotgun to scare him. Defendant admitted shooting the firearm. The trial court did not err when it imposed the gun minimum under ORS 161.610.

Affirmed.