Argued and submitted March 24, affirmed May 13, petition for review denied September 17, 2009 (347 Or 43)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## KELSEY KEEAN MOORE-ZUNIGA,
aka Kelsey Keean Zuniga,
aka Kelsey Keean Moore,
*Defendant-Appellant.*

Deschutes County Circuit Court
06FE0487SF; A134594

208 P3d 507

Samuel A. Ramirez argued the cause and filed the brief for appellant.

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant was convicted of first-degree assault, ORS 163.185, two counts of attempted first-degree assault, ORS 163.185; ORS 161.405, and three counts of unlawful use of dangerous weapon with a firearm, ORS 166.220.[1] On appeal, defendant assigns error to (1) the trial court's failure to give defendant's proffered special jury instruction on "defense of person," "limitations on use of deadly physical force," and "burden of proof" and (2) the trial court's imposition of a five-year "gun minimum" sentence pursuant to ORS 161.610 on the two counts of attempted assault in the first degree and the three counts of unlawful use of dangerous weapon with a firearm.[2] We reject defendant's first assignment of error without discussion. We write to address only defendant's second assignment of error and conclude that the trial court properly imposed "gun minimum" sentences, because, in convicting defendant on those counts, the jury necessarily found that he used or threatened to use a firearm in committing those offenses. *See State v. Akin*, 125 Or App 351, 865 P2d 461 (1993), *rev den*, 318 Or 478 (1994). Accordingly, we affirm in all respects.

---

[1] The indictment, verdict form, and judgment included the phrase "with a firearm" in the caption of the three counts of unlawful use of dangerous weapon with a firearm. However, that phrase was not included in the caption of the jury instructions.

[2] ORS 161.610 provides, in part:

"(2) The use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime as provided in this section. When a crime is so pleaded, the aggravated nature of the crime may be indicated by adding the words 'with a firearm' to the title of the offense. The unaggravated crime shall be considered a lesser included offense.

"(3) * * * [I]f a defendant is convicted of a felony *having as an element the defendant's use or threatened use of a firearm* during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. * * *

"(4) The minimum terms of imprisonment for felonies *having as an element the defendant's use or threatened use of a firearm* in the commission of the crime shall be as follows:

"(a) * * * [U]pon the first conviction for such felony, five years * * *."
(Emphasis added.)

The relevant facts are procedural in nature and are undisputed. Defendant was charged with, *inter alia*, three counts of "unlawful use of dangerous weapon *with a firearm*" (Counts 3, 5, and 7) (emphasis added) and two counts of attempted assault in the first degree (Counts 4 and 6). *See* ORS 166.220; ORS 161.405; ORS 163.185.[3] On each count of attempted assault in the first degree, the state alleged that defendant "did unlawfully and intentionally attempt to cause serious physical injury to [victim] by means of a deadly and/or dangerous weapon, to-wit: A FIREARM." On each count of unlawful use of dangerous weapon with a firearm, the state alleged that defendant "did possess with intent to use unlawfully against [victim] a deadly and/or dangerous weapon, to-wit: A FIREARM."[4]

At trial, two of the victims testified that defendant used a firearm. One of the victims testified that defendant "shot" him and another testified that defendant "started shooting at us." The state established through several witnesses' testimony that defendant used a gun. In addition, one of the officers testified that "the gun used was a .22 caliber."

The court instructed the jury on each count of the indictment. With respect to each of the three counts of unlawful use of dangerous weapon with a firearm, the court, titling the offense "unlawful use of a weapon," instructed the jury as follows:

---

[3] ORS 166.220 provides, in part:

"(1) A person commits the crime of unlawful use of a weapon if the person:

"(a) Attempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon * * *[.]"

ORS 161.405 provides, in part:

"(1) A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

ORS 163.185 provides, in part:

"(1) A person commits the crime of assault in the first degree if the person:

"(a) Intentionally causes serious physical injury to another by means of a deadly or dangerous weapon[.]"

[4] Because the state pleaded the element of "use * * * of a firearm" in the indictment on the three counts of unlawful use of dangerous weapon with a firearm, it properly added the words "with a firearm" to the title of the offense. *See* ORS 161.610(2).

"Oregon law provides that a person commits the crime of unlawful use of a weapon if the person attempts to use unlawfully against another any dangerous or deadly weapon.

"In this case, to establish the crime of unlawful use of a weapon, the state must prove beyond a reasonable doubt the following three elements:

"(1)  The act occurred in Deschutes County, Oregon;

"(2)  The act occurred on or about March 22, 2006; and

"(3)  [Defendant] intentionally attempted to use unlawfully against [victim] any dangerous or deadly weapon."

The court also instructed the jury as follows on each of the two counts of attempted assault in the first degree:

"Oregon law provides that a person commits the crime of attempted assault in the first degree if the person intentionally attempts to cause serious physical injury to another by means of a dangerous or deadly weapon.

"In this case, to establish attempted assault in the first degree, the state must prove beyond a reasonable doubt the following three elements:

"(1)  The act occurred in Deschutes County, Oregon;

"(2)  The act occurred on or about March 22, 2006; and

"(3)  [Defendant] intentionally attempted to cause serious physical injury to [victim] by means of a dangerous or deadly weapon."

Those jury instructions did not include the element of "use or threatened use of a firearm."

The court also defined the terms "dangerous weapon" and "deadly weapon" for the jury:

"The term *dangerous weapon* means any instrument, article, or substance which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious physical injury.

"The term *deadly weapon* means any instrument, article, or substance specifically designed for and presently capable of causing death or serious physical injury."

(Emphasis in original.)

The verdict form denominated Counts 3, 5, and 7 "UNLAWFUL USE OF A DANGEROUS WEAPON WITH A FIREARM" but did not otherwise refer to "a firearm," including in its captions pertaining to Counts 4 and 6. The jury returned a verdict of guilty on, *inter alia*, Counts 3, 4, 5, 6, and 7.

At sentencing, the state urged the trial court to impose a minimum sentence on each of those counts pursuant to ORS 161.610(3), which, as noted, applies "if a defendant is convicted of a felony *having as an element the defendant's use or threatened use of a firearm* during the commission of the crime." (Emphasis added.)

Defendant objected to the imposition of a minimum sentence, arguing that the element "use or threatened use of a firearm" was not properly presented to the jury. That is, according to defendant, in order to impose a minimum sentence pursuant to ORS 161.610(3), a jury must make the finding that a firearm was used and, because the court did not instruct the jury that it was required to make that finding in order to convict defendant, the jury could have convicted defendant without having made such a finding. The state responded that the language on the verdict form for all counts, and, particularly, the words "with a firearm" on the verdict form for the three counts of unlawful use of a dangerous weapon with a firearm, was sufficient to satisfy the requisites for imposition of a minimum sentence pursuant to ORS 161.610.

The trial court reasoned that "the jury verdict form clearly spells out that it was with a firearm, and the—and the jury found it was with a firearm. And as a result, I am going to impose 60 months for the firearm—for the use of a firearm * * *." The trial court thus imposed "gun minimum" sentences of 60 months' imprisonment pursuant to ORS 161.610 on Counts 3 through 7.[5]

---

[5] *But see State v. Quintero-Martinez*, 220 Or App 497, 500, 188 P3d 350, *rev den*, 345 Or 318 (2008) (imposition of multiple "gun minimum" sentences is "plain error"). Here, defendant does not raise such a challenge by way of ORAP 5.45(1).

On appeal, defendant renews his contentions made before the trial court at the sentencing hearing. Specifically, defendant contends that, because the jury instructions on Counts 3 through 7 did not include the element of "use or threatened use of a firearm," the jury did not necessarily find that element and, thus, the imposition of the "gun minimum" sentence pursuant to ORS 161.610 is improper.[6] For the reasons stated below, we disagree.

ORS 161.610(3) authorizes the imposition of a minimum sentence of 60 months' imprisonment "if a defendant is convicted of a felony *having as an element the defendant's use or threatened use of a firearm* during the commission of the crime." (Emphasis added.)

*Akin* is dispositive. There, the defendant was indicted for, *inter alia*, assault in the second degree with a firearm. 125 Or App at 353 n 1. The only evidence that the state presented pertaining to the defendant's use of a "deadly weapon" was that the defendant fired a shotgun—and the defendant "testified that that is what he did." *Id.* at 354. The trial court instructed the jury that, to find the defendant guilty, it was required to find that he "intentionally attempted to cause physical injury to [the victim] by means of a deadly weapon." *Id.* (brackets in *Akin*). The court defined the terms "deadly weapon" and "firearm" for the jury. However, the trial court did *not* instruct the jury that it must find that the defendant "use[d] or threatened use of a firearm" as an element of the offense. The jury convicted the defendant, and the trial court imposed a gun minimum sentence. *Id.* at 353.

---

[6] The state fails to respond to the substance of defendant's contentions on appeal. Although defendant's argument to the trial court and on appeal is a statutory argument based on ORS 161.610, the state misconstrues that argument as being predicated solely on the constitutional principles enunciated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). Given that understanding, the state's only response on appeal is that any *Blakely*-related error by the trial court was harmless beyond a reasonable doubt because no reasonable juror could conclude anything other than that defendant personally used a firearm. *See, e.g., State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008).

Under ORS 161.610(3), a jury's failure to find the element of "use or threatened use of a firearm" *precludes the imposition* of a "gun minimum" sentence. *See State v. Thiehoff*, 169 Or App 630, 635-36, 10 P3d 322 (2000), *rev den*, 332 Or 137 (2001). Accordingly, the state's invocation of "harmless error" is inapposite.

On appeal, the defendant challenged the trial court's imposition of the gun minimum sentence, arguing that the use or threatened use of a firearm was not an element of the crime for which he was found guilty. *Id.* We concluded that, under the totality of the circumstances—including the defendant's admission that he had, in fact, fired a shotgun at the victim—the court's instructions "placed the issue of defendant's use of a firearm before the jury." *Id.* at 354. Accordingly, we affirmed the trial court's imposition of the "gun minimum" sentence. *Id.*

The circumstances in this case are directly analogous to those in *Akin.* The indictment in this case alleged defendant's use of a firearm on Counts 3 through 7. With respect to attempted assault in the first degree, the jury was instructed that it must find that defendant "intentionally attempted to cause serious physical injury to [victim] by means of a dangerous or deadly weapon." Similarly, with respect to the "unlawful use of a weapon," the jury was instructed that it must find that defendant "intentionally attempted to use unlawfully against [victim] any dangerous or deadly weapon." The court defined the terms "dangerous weapon" and "deadly weapon" for the jury. Although the jury was never instructed that it was required to find that defendant used or threatened to use a firearm in order to convict him of the offenses charged, the *only* (and uncontroverted) evidence adduced at trial pertaining to use of a dangerous or deadly weapon referred to defendant's use of a .22 caliber gun—a "firearm."

Thus, here, as in *Akin*, on the record the jury, in convicting defendant on the charges for which a gun minimum sentence was imposed, *necessarily* found that he "use[d] or threatened to use" a firearm in committing those offenses. The jury could not have convicted defendant otherwise. *Cf. State v. Thiehoff*, 169 Or App 630, 635-37, 10 P3d 322 (2000), *rev den*, 332 Or 137 (2001) (reversing imposition of "gun minimum" sentence based on the jury's general verdict, because trial court's jury instruction on alternative theory of aiding and abetting allowed jury to convict the defendant of the

charged offense without necessarily finding that the defendant *personally* used or threatened to use a firearm).[7]

Affirmed.

_____

[7] Although we affirm the trial court's imposition of the "gun minimum" sentences, we do not agree with its reasoning for doing so. The fact that the verdict form for the three counts of unlawful use of dangerous weapon with a firearm included in the caption of the offense the words "with a firearm" is immaterial. Jurors are not instructed to render findings as to the captions in the verdict form. Furthermore, that reasoning could not justify the imposition of the "gun minimum" sentence on the two counts of attempted assault in the first degree, because those jury instructions did not include the words "with a firearm" in the caption of the offense.