***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted September 14; conviction on Count 2 reversed and remanded for entry of judgment of conviction for second-degree robbery, conviction on Counts 1 and 3 reversed and remanded for entry of judgment of conviction for first-degree robbery, remanded for resentencing, otherwise affirmed December 7, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ZACHERY THOMAS SANDERS,
*Defendant-Appellant.*

Washington County Circuit Court
20CR10656; A174324

Theodore E. Sims, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the briefs for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Conviction on Count 2 reversed and remanded for entry of judgment of conviction for second-degree robbery; conviction on Counts 1 and 3 reversed and remanded for entry of judgment of conviction for first-degree robbery; remanded for resentencing; otherwise affirmed.

**KAMINS, J.**

Defendant appeals from a judgment of conviction for first-degree robbery, ORS 164.415 (Count 1); second-degree robbery with a firearm, ORS 164.405 (second-degree robbery), ORS 161.610 (firearm enhancement) (Count 2); second-degree theft, ORS 164.045 (Count 3); menacing, ORS 163.190 (Count 4); fourth-degree assault, ORS 163.160[1] (Count 5); and strangulation, ORS 163.187 (Count 6); assigning nine errors. We reverse Count 2 and remand for entry of a judgment of conviction for second-degree robbery, reverse Counts 1 and 3 and remand for entry of a judgment of conviction for first-degree robbery, remand for resentencing, and otherwise affirm.

The charges at issue arose out of an incident that occurred inside a car belonging to defendant's acquaintance, Ortiz. The victim testified that several men were giving him a ride when defendant suddenly grabbed his backpack. When the victim tried to take back the backpack, defendant punched him several times then put him in a chokehold. At that point, Ortiz pointed a pistol at the victim, and defendant said, "Let go or you're going to get smoked." Defendant, on the other hand, testified that the encounter was actually a drug deal, and that he acted in self-defense and defense of property when the victim tried to leave the car without paying. When police found them, defendant was wearing the victim's backpack and Ortiz was wearing another bag that had been inside the backpack.

Defendant first assigns error to the trial court's denial of his motion for a judgment of acquittal for the firearm enhancement to second-degree robbery on the basis that he did not personally use a firearm. The state concedes the error because the jury, at the state's invitation, could have based its conviction on an aid-and-abet theory. *See State v. Thiehoff*, 169 Or App 630, 635-56, 10 P3d 322 (2000) (to impose a firearm enhancement pursuant to ORS 161.610, the jury must find that the defendant personally used or

---

[1] ORS 163.190 (menacing) and ORS 163.160 (fourth-degree assault) have both been amended since defendant committed his crimes; however, because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

threatened to use a firearm). The concession is well taken, and we reverse and remand Count 2 for the trial court to enter a conviction of second-degree robbery without the firearm enhancement.

In his second assignment of error, defendant argues that the trial court plainly erred by failing to instruct the jury that defendant must have known that the pistol was a dangerous weapon to be guilty of first-degree robbery, ORS 164.415(1)(b) ("A person commits the crime of robbery in the first degree if the person violates ORS 164.395 and the person: *** [u]ses or attempts to use a dangerous weapon."). The indictment alleged that defendant "knowingly" committed robbery with a dangerous weapon, and neither party argues that a different mental state applies. *See State v. Nelson*, 241 Or App 681, 688-89, 251 P3d 240 (2011), *rev dismissed as improvidently allowed*, 354 Or 62 (2012) ("[B]ecause the state indicted defendant for [first-degree rape and first-degree sexual abuse] referring solely to a 'knowing' mental state, *** the state was required to prove that defendant acted with a 'knowing' mental state with respect to all material elements of the crimes.").

Assuming that the trial court plainly erred, we decline to exercise our discretion to address it, because we conclude that any error was harmless. *See State v. Owen*, 369 Or 288, 323, 505 P3d 953 (2022) (error is harmless if there was "little likelihood that the error affected the verdict" (citation omitted)); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (court must exercise its discretion to consider or not to consider plain error). Defendant argues that the error was not harmless because the jury could have concluded that he did not know that the pistol was loaded. However, because the term "dangerous weapon" "include[s] unloaded operable firearms on the theory that such a firearm could be loaded in a short time," defendant's awareness of whether the pistol was loaded would have little likelihood of impacting the jury's determination that he knew that it was a dangerous weapon. *Norwood v. Premo*, 287 Or App 443, 454, 403 P3d 502, *rev den*, 362 Or 300 (2017).

Defendant's third through sixth assignments of error contend that the trial court plainly erred in failing to instruct the jury that it must concur on whether defendant was a principal or an accomplice for the crimes of robbery, theft, and menacing. *See State v. Phillips*, 354 Or 598, 612-13, 317 P3d 236 (2013) (the jury "ordinarily must agree whether a defendant committed a crime him or herself or, alternatively, whether the defendant aided and abetted another person's commission of that crime"). Once again, we decline to exercise our discretion to address the issue, because we conclude that any error was harmless. *See id.* at 613 ("error was harmless because, on the facts in this case, the factual findings necessary to find defendant liable on one theory either subsumed or were the same as the factual findings on the other theory").

Based on the evidence and the parties' arguments in this case, the same facts constituted both direct and accomplice liability for each crime. *See id.* at 608 ("[W]hen the only act that could have constituted aiding and abetting the infliction of physical injury under ORS 161.155 also constituted 'causing' that injury within the meaning of ORS 163.165(1)(e), we fail to see how any error in requiring jury concurrence on one theory or the other prejudiced defendant."); *State v. Lotches*, 331 Or 455, 468-69, 17 P3d 1045 (2000), *cert den*, 534 US 833 (2001) ("[T]he unanimity rule requires that the jury agree as to just what defendant did to bring himself within the purview of the particular subsection of" the criminal statute. (Internal quotation marks omitted.)).

The concurrence instruction would have applied to Count 3 (theft in the second degree), Count 2 (robbery in the second degree), Count 1 (robbery in the first degree), and Count 4 (menacing). Beginning with theft, the evidence was undisputed that defendant physically took the backpack and that he and Ortiz each ended up with some of the victim's property. *See* ORS 164.015(1) ("A person commits theft when, with intent to deprive another of property *** the person: [t]akes, appropriates, obtains or withholds such property from an owner thereof."). In convicting him, the jury either found that defendant himself took the victim's property with

the intent to deprive the victim of that property, or that he intentionally aided Ortiz in doing so. ORS 161.155(2)(b) ("A person is criminally liable for the conduct of another person constituting a crime if *** [w]ith the intent to promote or facilitate the commission of the crime the person *** aids or abets *** such other person in planning or committing the crime."). Thus under either theory, by finding defendant guilty, the jury concluded that defendant intended to deprive the victim of his property and did not act in defense of property. As a result, under the circumstances of this case, the findings necessary to find defendant directly liable for theft were the same as the findings necessary to find that he aided and abetted Ortiz's theft. *Phillips*, 354 Or at 613.

Theft of the backpack was elevated to second-degree robbery by the use or threatened use of physical force with the intent of preventing and overcoming resistance while being aided by another person actually present. ORS 164.405(1)(b). As noted above, defendant admitted to using force with the victim but claimed that it was done in self-defense and defense of property. The state generally argued that Ortiz and defendant aided and abetted each other in committing robbery, that is, that they each personally used or threatened to use force and that they each aided the other's use or threatened use of force. Thus, "the jury was not presented with two competing theories of liability, each of which required proof of discrete, separate facts." *Phillips*, 354 Or at 608. Rather, the same facts supported both theories of liability; in other words, jurors who found defendant liable as an accomplice would also have found facts sufficient for him to be liable as a principal, and vice versa.

The theft of the victim's backpack was also elevated to first-degree robbery by the use or attempted use of a dangerous weapon. ORS 164.415(1)(b). The only act of defendant's that constitutes first-degree robbery—telling the victim to "let go or you're going to get smoked" while Ortiz pointed a pistol at him—was also the only act that constituted aiding and abetting first-degree robbery. Accordingly, for this count too, the jury necessarily found the same facts to convict defendant on a principal or aid-and-abet theory of liability. *See Phillips*, 354 Or at 608 ("[W]hen the only act

that could have constituted aiding and abetting the inflic-
tion of physical injury under ORS 161.155 also constituted
'causing' that injury within the meaning of ORS 163.165
(1)(e), we fail to see how any error in requiring jury concur-
rence on one theory or the other prejudiced defendant.").

The same is true for the conviction of menacing, which
could only have been based on that same act—defendant
telling the victim to "let go or you're going to get smoked"
while Ortiz pointed a pistol at him. ORS 163.190(1) ("A per-
son commits the crime of menacing if by word or conduct
the person intentionally attempts to place another person in
fear of imminent serious physical injury."). In sum, the lack
of a concurrence instruction was harmless as to each count,
because the findings necessary to find defendant liable as
an accomplice either "subsumed or were the same as" the
findings necessary to find him liable as a principal. *Phillips*,
354 Or at 613.

Defendant's seventh assignment of error argues
that the trial court erred by instructing the jury that it
must be unanimous to acquit defendant. We agree, but the
error was harmless because the jury was unanimous on all
counts. *State v. Martineau*, 317 Or App 590, 595, 505 P3d
1094, *rev den*, 370 Or 197 (2022) (reaching the same result).

Defendant's eighth assignment of error challenges
the trial court's failure to merge the guilty verdicts for
first-degree robbery and second-degree theft. The state con-
cedes the error, and we accept the concession. *See State v.
Postlethwait*, 312 Or App 467, 471, 493 P3d 35 (2021) (trial
court erred in failing to merge a robbery verdict and an ordi-
nary theft verdict where the same theft formed the basis for
both). We therefore reverse Counts 1 and 3 and remand for
entry of a judgment of conviction for first-degree robbery.

Finally, in a supplemental assignment of error,
defendant contends that the trial court plainly erred by
instructing the jury that to convict defendant of fourth-
degree assault, it must find that he "recklessly caused phys-
ical injury" to the victim. Relying on the Supreme Court's
decision in *Owen,* defendant argues that that instruction
plainly allowed the jury to convict him without finding any

culpable mental state with respect to the element of resulting physical injury. We disagree.

The statutory phrase at issue in *Owen* was "knowingly causes serious physical injury," which had previously been construed in *State v. Barnes*, 329 Or 327, 986 P2d 1160 (1999). The court in *Owen* accepted *Barnes*'s conclusion that "knowingly causes physical injury" contains two elements, both of which require a mental state: a "conduct" element to which "knowingly" attaches, and a "result" element to which "knowingly" does not attach. *Owen*, 369 Or at 305 (citing *Barnes*, 329 Or at 338). In so holding, both *Owen* and *Barnes* relied on the fact that the "knowing" mental state typically does not attach to "result" elements. *Owen*, 369 Or at 303; *Barnes*, 329 Or at 337. The crime here, however, required the mental state of "reckless," not "knowing." Unlike "knowing," the "reckless" mental state explicitly does apply to "result" elements. ORS 161.085(9) ("'Recklessly,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists."). And, in addition to being instructed that to convict defendant of fourth-degree assault, it must find that he "recklessly caused physical injury" to the victim, the jury was instructed that to find that defendant acted recklessly, it had to find that defendant "disregard[ed] a substantial and unjustifiable risk that a particular result will occur or a particular circumstance exists." Thus, *Owen* does not demonstrate plain error in the given instruction. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (to qualify as plain, the error must be "obvious, not reasonably in dispute").

Conviction on Count 2 reversed and remanded for entry of judgment of conviction for second-degree robbery; conviction on Counts 1 and 3 reversed and remanded for entry of judgment of conviction for first-degree robbery; remanded for resentencing; otherwise affirmed.