No. 6 January 7, 2026 423

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DERRICK JERMAINE JAY,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0901085; A184157

Susie L. Norby, Judge.

Submitted November 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil Francis Byl, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PAGÁN, J.

Remanded for resentencing; otherwise affirmed.

## PAGÁN, J.

In this criminal case, defendant raises a single assignment of error, in which he asserts that the trial court erred in designating his sentence for second-degree assault with a firearm as one subject to a "gun minimum" sentence.[1] *See* ORS 161.610(4) (requiring a mandatory minimum sentence for certain firearm offenses). A gun minimum sentence is appropriate only when a jury finds "that the defendant *personally* used or threatened to use a firearm" during the commission of the offense, *State v. Thiehoff,* 169 Or App 630, 636, 10 P3d 322 (2000), *rev den*, 332 Or 137 (2001) (emphasis added), and defendant argues that the jury's verdict did not explicitly or implicitly include such a finding and that we should remand for resentencing. We agree with defendant, remand for resentencing, and otherwise affirm.

As relevant here, the state charged defendant with one count of first-degree assault with a firearm and one count of first-degree burglary with a firearm, alleging as an element of each offense that defendant "used a firearm during the commission" of the offense. *See* ORS 161.610(2) (providing that any felony can be charged as an aggravated firearm offense if the state pleads and proves that the defendant "use[d] or threatened use of a firearm \* \* \* during the commission of [the] felony"). It is important to our analysis that the state did not charge defendant on the theory that he "threatened the use of a firearm." *See generally State v. Burk*, 282 Or App 638, 645, 386 P3d 148 (2016) (explaining that a court may not instruct on theories of guilt that are not charged in the indictment).

---

[1] The trial court concluded that defendant's second-degree assault with a firearm conviction was subject to both the mandatory minimum 70-month sentence required by ORS 137.700(2)(a)(H) and the 60-month gun minimum sentence under ORS 161.610(4)(a). It then imposed the greater of the two. The judgment designates the sentence as being subject to both mandatory minimum sentences.

On its face it might seem that the claimed error—which relates to the trial court's determination that ORS 161.610(4)(a) applied—is of no consequence given that there was independent justification for the longer 70-month sentence imposed. But as defendant correctly points out, a person is subject to higher penalties in the future if they have previously been "punish[ed] pursuant to [ORS 161.610(4)(a)]." ORS 161.610(4)(b). Therefore, improperly designating a sentence as subject to ORS 161.610(4)(a) can have substantial repercussions in future cases.

At trial, the state produced evidence that defendant and two other men—each with a gun in hand—entered JG's home and that one of the three men shot JG. The two other men testified that defendant was the shooter, and the state's primary argument to the jury was that defendant was the shooter. But, in the alternative and in accordance with a jury instruction on accomplice liability, the state argued that defendant was guilty on an aid-and-abet theory. The jury ultimately returned a guilty verdict for the lesser-included offense of second-degree assault with a firearm and first-degree burglary with a firearm. The jury's verdicts gave no explicit indication of whether it found defendant guilty as a principal or as an accomplice or whether it found that defendant personally "used" a firearm. The trial court designated both the assault and burglary sentences as subject to a gun minimum sentence.

After defendant received post-conviction relief on an unrelated issue, he was resentenced, and at the resentencing hearing, he challenged for the first time the legality of the gun minimum designation. He argued that the sentencing court lacked the statutory authority to designate a gun minimum sentence because the jury's verdict did not establish that defendant personally "used" a firearm during the commission of the relevant offenses. The resentencing court disagreed. The parties debated whether the court should designate the assault or burglary sentence as one subject to the gun minimum sentence. Ultimately, the court designated the assault sentence as subject to the minimum firearm sentence.

On appeal, defendant reiterates the arguments made below. For its part, the state does not dispute the statutory requirement that a defendant personally use or threaten the use of a firearm to qualify for a gun minimum sentence, nor does the state argue that there are any procedural barriers to us addressing defendant's argument at this stage of his case. Instead, it argues only that—regardless of whether the jury relied on a principal or accomplice theory of guilt—the jury necessarily found that defendant personally "used" his firearm during the crime.

ORS 161.610(4) provides for the imposition of specified "minimum terms of imprisonment for felonies having as

an element the defendant's use or threatened use of a firearm in the commission of the crime." In that context, "use or threatened use of a firearm" has a very specific meaning, namely that the defendant discharged or threatened to discharge a firearm. *State v. Harris*, 174 Or App 105, 112, 25 P3d 404 (2001). The gun minimum sentence is applicable only when the factfinder finds that a defendant personally used or threatened the use of a firearm. *Thiehoff*, 169 Or App at 636. It "does not apply when the defendant merely aided and abetted in the commission of the crime." *Id*. at 633. When the factfinder is a jury, the jury must explicitly make a finding that the defendant personally used or threatened the use of a firearm or a guilty verdict must necessarily require that finding. *Id*. at 636. "The trial court cannot make the requisite finding of fact *post hoc*." *Id*.

Because it is undisputed that the jury did not explicitly make the necessary finding, this case turns on whether its verdict necessarily required it. The state argues it did because both the principal and accomplice theories of guilt presented to the jury required it to find that defendant personally "used" a firearm. In the state's view,

"If the jury convicted defendant as a principal, it found that he personally used a firearm by shooting the victim. And if the jury convicted defendant as an accomplice, it found that defendant used a firearm—that he was openly carrying into a planned robbery—to make the victim more vulnerable to his codefendant's assault."

We are not persuaded.

The state relies on a particular theory of principal liability described in *State v. Phillips*, 354 Or 598, 317 P3d 236 (2013), wherein the Supreme Court explained:

"A person can [personally] 'cause' physical injury *** in one of two ways. A person can either 'inflic[t] physical injury directly himself or herself or, alternatively, engag[e] in conduct so extensively intertwined with [another person's] infliction of the injury that such conduct can be found to have produced the injury.'"

*Id*. at 602 (quoting *State v. Pine*, 336 Or 194, 207, 82 P3d 130 (2003) (first brackets added; other brackets in *Phillips*)).

For example, relying on its reasoning in *Pine*, the court explained, a person can be liable as a principal for the stabbing of a victim either by being the one who actually stabs the victim or by holding the victim down so that the victim cannot avoid the knife thrusts. *Id.* at 602-03. In the latter case, the defendant's conduct is "so extensively intertwined" with the infliction of the injury that the defendant can be said to have personally taken part in "caus[ing]" it. *Id.* at 602 (internal quotation marks omitted).

This case does not track the pattern described in *Phillips*. At trial, the state's theory was that the first of the three men through JG's door shot him—it was not that the other two men restrained JG or otherwise confined him so that he could not avoid the gun shot. In fact, the prosecutor argued to the jury that a coconspirator who was not physically present at the scene of the shooting was fully liable as an accomplice and, by comparison, the jury could find defendant guilty as an accomplice even if it was not convinced that defendant was the shooter. Based on the prosecution's theory and the trial court's instructions, we are not convinced that the only two avenues to guilt available to the jury were that defendant was the shooter or that, if he was not the shooter, his conduct was nonetheless so extensively intertwined with the shooting itself that he can be considered to have personally used the firearm against JG. And because the state charged defendant only on the theory that he "used" a firearm, we need not consider whether the principal and accomplice theories before the jury necessarily required a finding that petitioner "threatened the use" of a firearm.

Because the jury's verdict did not explicitly or necessarily include a finding that defendant personally used a firearm during the commission of the relevant crimes, we remand for resentencing.

Remanded for resentencing; otherwise affirmed.