***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted January 15, 2021, affirmed October 19, 2022, petition for
review denied February 9, 2023 (370 Or 740)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER JAMES THOMAS SWEENEY,
*Defendant-Appellant.*

Jefferson County Circuit Court
17CR76377; A170545

Annette C. Hillman, Judge.

Frances J. Gray argued the cause and filed the briefs for appellant.

Joanna Hershey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a judgment of conviction for attempted aggravated murder, ORS 161.405 (2017), *amended by* Or Laws 2019, ch 635, § 15a (attempt), ORS 163.095 (2017), *amended by* Or Laws 2019, ch 635, § 1 (aggravated murder), unlawful use of a weapon with a firearm, ORS 166.220(1)(a), fleeing or attempting to elude a police officer, ORS 811.540, and reckless driving, ORS 811.140, assigning 13 errors. We affirm.

Defendant's first three assignments of error relate to the admission of prior bad acts evidence. The charges were based on defendant leading police on a high-speed car chase for nearly 50 miles before firing a pistol at them. Before trial, the state moved *in limine* to admit the following evidence: On the day before the charged conduct, defendant, who was an 18-year-old in the custody of the Oregon Youth Authority (OYA), was placed in an independent living program. Defendant absconded within seven hours of his arrival at the new placement. Upon learning of the abscondment, defendant's grandparents anticipated that defendant might burglarize their home because he had done so a year prior, in 2016. Because they were traveling, they asked law enforcement and their daughter, defendant's aunt, to check on the house. When their daughter did so, she found it had been ransacked and two vehicles had been stolen. The police spotted the stolen vehicles later that day. Defendant's friend, who was driving one of the stolen cars, stopped and was arrested, while defendant continued driving, leading to the conduct at issue in this case.[1]

At the pretrial hearing, the state explained that it would offer evidence of the prior burglaries and abscondment for nonpropensity purposes, pursuant to OEC 404(3). Specifically, it would use the evidence to prove that defendant had a motive to "escape at all costs," and to provide the context for law enforcement's interaction with defendant. The trial court decided to admit evidence of the abscondment and both burglaries, but to exclude evidence that defendant had been adjudicated for the 2016 burglary. It

---

[1] Defendant was prosecuted separately for the burglary and unauthorized use of a vehicle because they occurred in a different county.

later admitted the adjudication as impeachment evidence during defendant's cross examination. We conclude that the 2017 conduct was properly admitted, and the 2016 conduct was not, but that the errors were harmless.

"We review a trial court's determination of whether other acts evidence is relevant for a nonpropensity purpose under OEC 404(3) for errors of law." *State v. Tinoco-Camarena*, 311 Or App 295, 297, 489 P3d 572, *rev den*, 368 Or 561 (2021). "Evidence is relevant to prove motive if it tends to show *why* the defendant committed the charged crime." *State v. Davis*, 290 Or App 244, 252, 414 P3d 887 (2018) (emphasis in original). There are two types of motive evidence: where the prior bad act supplies the motive for the charged conduct, and where both the prior bad act and the charged conduct evince the same motive. *Tinoco-Camarena*, 311 Or App at 302-03.

Beginning with defendant's second assignment of error, which challenges admission of the 2017 abscondment and burglary, the trial court did not err because the evidence was relevant to prove defendant's motive to escape police. The abscondment evinces the same motive as fleeing from and shooting at police, a desire to be free from state custody. Given that the abscondment occurred the day before the charged conduct, it is reasonable to infer that the motive persisted throughout that time. *See State v. Wright*, 283 Or App 160, 176, 387 P3d 405 (2016) (In assessing whether a prior bad act and charged conduct evince a common motive, "courts must evaluate [the] past act to determine, first, what motive the prior [act] demonstrates, and, second, whether the circumstances of the charged crime support an inference that the same motive is at work.").

The burglary helped supply the motive for defendant to flee from and shoot at police because at the time of the charged conduct, he was in possession of the proceeds of that burglary and was therefore motivated to avoid being captured by police to escape punishment for that crime. *See State v. Hopkins*, 127 Or App 1, 4, 870 P2d 849, *adh'd to as modified on recons*, 127 Or App 622, 874 P2d 827 (1994) (evidence that defendant possessed stolen credit cards and had cashed a forged check earlier in the day was admissible

to establish his motive to escape police). None of those inferences require propensity-based reasoning, because they do not rely on defendant's particular tendency to act a certain way, rather, the common desire to avoid punishment. *See Davis*, 290 Or App at 252-53 (observing that "a crucial difference between permissible motive-based reasoning and a character-based theory of motive is that the former assumes that a motive might exist because *any person* might possess one under those specific circumstances" while the latter "relies upon a chain of inferences that employs the evidence to establish that the person (1) is more inclined to act or think in a given way than is typical, and (2) is therefore more likely to have acted or thought that way on a particular occasion" (internal citations and quotation marks omitted, emphasis in original)).

Turning to defendant's first assignment of error, which challenges the pretrial admission of the 2016 burglary, we conclude that the trial court erred because there was no "substantial connecting link" between that burglary and the charged offenses. *State v. Morrow*, 299 Or App 31, 42, 448 P3d 1176 (2019) (To demonstrate the relevance of motive evidence, "the state must show 'some substantial connecting link' between the uncharged misconduct and the charged offense. That is, there must be 'a sufficient logical connection' between the uncharged acts and the asserted motive for the charged acts." (Citing *State v. Turnidge (S059155)*, 359 Or 364, 450-51, 374 P3d 853 (2016).)). The mere fact that defendant had previously stolen items from the same victims and possessed the proceeds from that second burglary at the time of the charged conduct, exposing him to increased punishment as a repeat offender, is insufficient to establish such a link. *See Wright*, 283 Or App at 174 ("[T]he mere possibility that the same motive that caused an earlier crime or act also caused the charged crime is not enough to make evidence of the prior act relevant. Instead, something in the circumstances of the charged crime must suggest that the identified motive is at work."). Otherwise, the same logic would render admissible any prior crime whenever a defendant's charged offense is motivated by a desire to avoid punishment for a similar crime. *See Davis*, 290 Or App at 252 ("The motive theory should not apply when the motive

is so common that the reasoning that establishes relevancy verges on ordinary propensity reasoning[.]" (Internal punctuation and citation omitted.)).

Defendant's third assignment of error challenges the trial court's admission of the 2016 adjudication for burglary as impeachment evidence. The state used the adjudication to attack defendant's credibility with respect to a detail about the 2017 burglary. However, because defendant was not on trial for burglary in this case, that topic was a "collateral matter," and thus not a proper subject for impeachment. *State v. Guzek*, 342 Or 345, 359, 153 P3d 101 (2007) ("[A] witness cannot be impeached as to merely collateral matters. *** [A] fact is not collateral if the cross-examining party would have been entitled to prove it as part of and tending to establish its case." (Internal quotation marks omitted.)).

We further conclude, however, that both errors were harmless. The jury was properly informed that defendant had absconded from OYA custody the day before, so the only additional information provided by the improper evidence was the nature of the crime for which he was in custody. Given that the jury had already learned that defendant committed burglary in 2017, the fact that his commitment to OYA was based on the same crime was not likely to cause prejudice as to the charges at issue here. Further, the evidence only came in during cross-examination of defendant, when it was briefly mentioned twice. Right after the second mention, when the adjudication was admitted as impeachment evidence, the trial court delivered a limiting instruction that cautioned the jury against propensity-based reasoning. The limiting instruction was also given again at the close of evidence. The state did not mention the 2016 burglary in its opening statement and did not make any arguments about it in closing. Admission of the 2016 burglary and adjudication was harmless because there was "little likelihood" that it affected the verdict. *State v. Phillips*, 311 Or App 309, 319, 489 P3d 1106 (2021).

Defendant's fourth through eleventh assignments of error are unavailing because there was evidence in the record from which the jury could conclude that the firearm was operational.

Defendant's final two assignments assert that the trial court plainly erred by imposing enhanced sentences for the use of a firearm during the commission of a felony. *See* ORS 161.610 (2017), *amended by* Or Laws 2019, ch 634, § 7. Regarding assignment of error 12, the trial court did not plainly err. *State v. Moore-Zuniga*, 228 Or App 291, 298, 208 P3d 507 (2009). Regarding assignment of error 13, although the trial court plainly erred, we decline to exercise our discretion to correct the error because it would have no impact on defendant's aggregate sentence. *See State v. Allen*, 285 Or App 667, 668, 398 P3d 497 (2017) (reaching the same result).

Affirmed.